[No. F015290. Fifth Dist. Dec. 16, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
STEVE BURKETT, Defendant and Appellant.

## COUNSEL

Alister McAlister, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General, Edgar A. Kerry and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**VARTABEDIAN, J.**—On January 11, 1989, defendant Steve Burkett committed numerous sexually assaultive acts upon Darla F. after he had gained entrance into her home under false pretenses. An eight-count complaint was filed as a result of this incident. Count three alleged defendant raped (Pen. Code, § 261, subd. 2)[1] Darla F. This count further alleged defendant was a habitual criminal and subject to punishment pursuant to section 667.7 because he used a knife, inflicted great bodily injury, and had suffered two prior separate prison terms. On December 13, 1990, defendant pleaded guilty

---

[1]All future code references are to the Penal Code.

to all of the charges; the conditions contained in the plea agreement were that he would receive a sentence of life with the possibility of parole on count three but all other terms arising from the Fresno County charges would be stayed. At the guilty plea hearing, in addition to other understandings, defendant personally acknowledged that he could be ordered to serve his sentence consecutively with sentences he had received in other counties.

During 1989, defendant was also being prosecuted in Sacramento County, Stanislaus County and Placer County for separate sexual assaults and related crimes he committed in a 30-day time period surrounding the Fresno County assault. On May 30, 1989, defendant was sentenced in Sacramento County to a term of 20 years to life pursuant to section 667.7, plus a 1-year enhancement. On October 26, 1989, he received a 35-year determinate term in Placer County. This term was ordered to run consecutively with the Sacramento County sentence. On February 7, 1990, in Stanislaus County, defendant received an additional life term pursuant to section 667.7. This term was ordered to run consecutively with the Placer County and Sacramento County terms.

On January 16, 1991, defendant was sentenced in Fresno County. He received a life term pursuant to section 667.7 for count three. The court ordered this sentence to apply consecutively with each of the sentences ordered in the other three counties. The terms on the remaining counts were stayed.

■ Defendant appeals his Fresno County sentence, claiming a life sentence imposed pursuant to section 667.7 cannot run consecutively with other life sentences or any other sentence. We affirm.

### DISCUSSION

Section 667.7 provides in pertinent part:

"(a) Any person convicted of a felony in which the person inflicted great bodily injury as provided in Section 12022.7, or personally used force which was likely to produce great bodily injury, who has served two or more prior separate prison terms as defined in Section '667.5 for [certain specified crimes]; or any felony punishable by death or life imprisonment with or without the possibility of parole is a habitual offender and shall be punished as follows:

"(1) A person who served two prior separate prison terms shall be punished by imprisonment in the state prison for life and shall not be eligible

for release on parole for 20 years, or the term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046, whichever is greatest. The provisions of Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall apply to reduce any minimum term in a state prison imposed pursuant to this section, but the person shall not otherwise be released on parole prior to that time.

"
. . . . . . . . . . . . . . . . . . . . . . . . . . .

"(b) This section shall not prevent the imposition of the punishment of death or imprisonment for life without the possibility of parole. No prior prison term shall be used for this determination which was served prior to a period of 10 years in which the person remained free of both prison custody and the commission of an offense which results in a felony conviction. As used in this section, a commitment to the Department of the Youth Authority after conviction for a felony shall constitute a prior prison term. The term imposed under this section shall be imposed only if the prior prison terms are alleged under this section in the accusatory pleading, and either admitted by the defendant in open court, or found to be true by the jury trying the issue of guilt or by the court where guilt is established by a plea of guilty or nolo contendere or by a trial by the court sitting without a jury."

Defendant does not challenge the underlying basis for imposition of sentence pursuant to section 667.7. Rather, he claims the trial court misinterpreted section 667.7 to allow consecutive sentences. He relies virtually solely upon our decision in *People v. Victor* (1991) 227 Cal.App.3d 518 [278 Cal.Rptr. 7].

In *Victor*, the defendant was convicted of second degree murder. As part of the murder count, a finding was made that Victor personally used a weapon, inflicted great bodily injury, and had suffered five prior convictions. He was thus sentenced on this count as a habitual offender, receiving a term of life imprisonment with a 20-year minimum parole eligibility date pursuant to section 667.7. The trial court also imposed a consecutive determinate term of six years on the enhancements for the use of a deadly weapon (§ 12022, subd. (b)) and a prior felony conviction (§ 667, subd. (a)), which were alleged as part of the murder count. (*People v. Victor, supra*, 227 Cal.App.3d at p. 521.)

Victor appealed, claiming an indeterminate life sentence imposed pursuant to section 667.7 may not be ordered to run consecutively with a determinate

term of imprisonment for a sentence enhancement arising from the same count. ██ ██ We agreed after carefully analyzing section 667.7.

"[S]ection 667.7 creates an independent, self-contained, indeterminate sentencing scheme for certain violent habitual offenders.[3] For the adjudicated habitual offender with two prior prison terms for relevant violent crimes, section 667.7 provides a mandatory sentence in lieu of the determinate sentence the offender otherwise would have received under section 1170. First, the offender is sentenced to prison for life. Second, he is not eligible for parole for a minimum of 20 years; if he would have received a determinate term longer than 20 years, this longer term defines his minimum parole eligibility. [Citation.]

". . . Section 667.7 provides a detailed methodology for setting the minimum parole eligibility term. Had the Legislature wanted to *further* increase this minimum term by adding additional terms for various determinate sentence enhancements, presumably it would have expressly so stated in said section. Nothing in section 667.7 suggests that the Legislature intended that, after invoking its habitual offender's provision, imposing a life term with a lengthy period of parole ineligibility, the court would invoke some *other* statute as authority to effectively increase the minimum term by engrafting a determinate enhancement onto the indeterminate sentence.

"Permitting such a practice would lead to absurd, anomalous, results. Section 667.7 expressly authorizes courts to use applicable enhancements to calculate the offender's hypothetical determinate sentence. If the total exceeds 20 years, the determinate sentence defines the offender's minimum parole eligibility. Thus, if the determinate sentence, including enhancements, for habitual offender A equalled 21 years, this would become his minimum term. Since the enhancements were used to calculate this actual minimum term, the court could not recycle the enhancements to add another five or ten years. If the determinate sentence, including enhancements, for habitual offender B, a less serious offender, did not exceed 20 years, then B would be hit twice. First, as the Legislature intended, his minimum term would be the statutory floor, 20 years. Second, the same enhancements which were not enough to put his determinate term over 20 years, would then be added *on top of* the statutory floor." (*People* v. *Victor, supra,* 227 Cal.App.3d at pp. 524-525.)

---

[3]"Some previous cases refer to section 667.7 as an 'enhancement.' (See *People* v. *Rodriguez* (1990) 219 Cal.App.3d 668, 693 . . . ; *People* v. *Brookins* (1989) 215 Cal.App.3d 1297, 1300 . . . .) Technically, an 'enhancement' is 'an additional term of imprisonment added to the base term.' (Rule 405(c).) The sentence authorized by section 667.7 does not fit this definition; it is imposed in lieu of—not added to—a base sentence for a substantive crime." (*People* v. *Victor, supra,* 227 Cal.App.3d at p. 524, fn. 3.)

Thus, *Victor* does not support defendant's position. The allegations in *Victor* for which a consecutive determinate enhancement could not properly be imposed were part and parcel of a single count filed pursuant to section 667.7. That count included the substantive crime, enhancements relating to the crime, and enhancements relating to the offender. *Victor* held only that the court cannot utilize any enhancements, whether necessary or unnecessary to a section 667.7 finding, if those enhancements relate to the count under which the habitual offender determination was made. *Victor* did not hold that once a habitual offender term is imposed no further consecutive terms may be imposed on separate counts.

Defendant also claims a discussion in *Victor* regarding section 669 supports his position. Section 669 provides in pertinent part:

"When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently or consecutively; life sentences, whether with or without the possibility of parole, may be imposed to run consecutively with one another or with any other term of imprisonment for a felony conviction. Whenever a person is committed to prison on a life sentence which is ordered to run consecutive to any determinate term of imprisonment imposed pursuant to Sections 1170, 1170.1, 667, 667.5, 12022, 12022.2, 12022.4, 12022.5, 12022.55, 12022.6, 12022.7, 12022.75, and 12022.9, the determinate term of imprisonment shall be served first and no part thereof shall be credited toward the person's eligibility for parole as calculated pursuant to Section 3046 or pursuant to any other section of law that establishes a minimum period of confinement under the life sentence before eligibility for parole.

It was argued by the respondent in *Victor* that section 669 authorized indeterminate life sentences to run consecutively with a determinate term —in particular, with an enhancement term charged in the same count as the section 667.7 allegation. In this context, we stated:

"The individual enhancement sections, such as 667 and 12022, themselves, explicitly provide for the addition of the enhancement term to the punishment for the substantive crime. We are satisfied that section 669 refers to a traditional life sentence imposed for a substantive offense alone, not as

a self-contained special term for habitual violent offenders." (*People* v. *Victor, supra,* 227 Cal.App.3d at p. 525.)

Again, defendant's specific argument is not supported by our holding in *Victor.* In the above cited comment, our court was merely distinguishing that the provision in section 669, allowing an indeterminate life sentence to be imposed consecutively with determinate sentences and/or other indeterminate sentences, does not go so far as to authorize the imposition of a consecutive enhancement term arising from a single, self-contained count charged and sentenced pursuant to section 667.7. The underpinning of *Victor* is that enhancements within a single count cannot be "recycled." Neither *Victor* nor section 669 prohibits the imposition of consecutive terms in addition to a habitual offender life sentence when the terms arise from independent counts.

Furthermore, the fact that more than one life term is based on the same prior convictions does not bar the imposition of consecutive life sentences. In *People* v. *Skeirik* (1991) 229 Cal.App.3d 444 [280 Cal.Rptr. 175], the appellate court found that defendant was properly sentenced to two consecutive section 667.7 life sentences. In reaching its conclusion, the *Skeirik* court relied on the analysis contained in *People* v. *Decker* (1988) 199 Cal.App.3d 694 [245 Cal.Rptr. 40], which pertained to the 15-year-to-life sentence imposed pursuant to section 667.51 for convicted child molesters with prior convictions. In *Decker*: "the court affirmed a judgment imposing four consecutive fifteen-year-to-life terms under section 667.51, subdivision (c) (currently subd. (d)) following his convictions of four counts of lewd or lascivious acts and findings of two prior convictions within the meaning of section 667.51, subdivision (c). The court held that the statute provides for a term of imprisonment and not an enhancement and that there was no violation of section 654, prohibiting double punishment for the same act or omission. The court reasoned that section 654 'prohibits multiple punishment under different code provisions for a single "act or omission." [Citation.] Nothing in that section prohibits the use of the same priors to determine the appropriate sentence on more than one present offense. Section 667.51, subdivision (c), like other recidivist punishment statutes which impose increased sentences for repeat offenders, merely specifies the applicable sentence upon the present conviction for one with a certain criminal history. It is the current offense which calls for the penalty, the magnitude of which is attributable to appellant's status as a repeat offender. [Citation.] That status, which is based on prior convictions, existed at the time he committed each offense. While the status calls for the increased sentence, it is the new criminal conduct rather than the status which is being punished. Therefore, section 654 does not apply.' [Citation.]" (*People* v. *Skeirik, supra,* 229 Cal.App.3d at pp. 465-466.)

The court in *Skeirik* found:

"The reasoning in *Decker* is equally applicable to section 667.7, which speaks not of enhancement but of a separate term of imprisonment for recidivist conduct. Both section 667.51, subdivision (d) and section 667.7 impose an indeterminate life sentence for specified offenses where a defendant has suffered two or more prior convictions and/or imprisonments for the offenses. Each of defendant's two new convictions for assault with a deadly weapon causing great bodily injury, which involved separate victims and separate locations, independently qualified for punishment under section 667.7." (*People* v. *Skeirik, supra,* 229 Cal.App.3d at p. 466.)

Here, the court did not recycle an enhancement to add additional time; consequently, the instant case is significantly different from the facts and concerns expressed in *Victor.* Defendant received a consecutive sentence for his Fresno County case, which arose and was charged separately from the three earlier sentenced cases. The fact that any of the sentences entailed a life term pursuant to section 667.7 did not prevent the proper imposition of consecutive terms. We find nothing in the statute nor its legislative history which suggests that the Legislature intended to prohibit consecutive terms based on independent counts. The Fresno County Superior Court did not err in imposing the instant sentence as a term consecutive to the earlier imposed sentences.

### Disposition

The judgment is affirmed.

Stone (W. A.), Acting P. J., and Harris, J., concurred.