[No. D021709. Fourth Dist., Div One. Dec. 5, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE LOUIS DEMARA, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*This opinion is certified for publication with the exception of parts I, II and III.

**COUNSEL**

Brian A. Wright, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Janelle Davis and Vincent Rabago, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**McDONALD, J.**—Jose Louis Demara appeals a judgment convicting him of three counts of unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)) and three counts of unlawfully receiving stolen property (Pen. Code,[1] § 496, subd. (a)). On appeal, Demara contends the court erred by: (1) denying his request for new counsel without conducting a proper hearing; (2) permitting conviction of both taking and receiving the same stolen vehicle; (3) allowing prejudicial testimony regarding his lending of vehicles to friends for use in transporting illegal aliens; and (4) imposing a one-year sentence enhancement under section 667.5 for a prior prison term while also using his prior conviction under Vehicle Code section 10851 to impose a greater base sentence under section 666.5. For the reasons discussed below, we affirm the judgment except for reversal of Demara's convictions on counts 4 and 6 for unlawfully receiving stolen property (§ 496, subd. (a)).

### FACTUAL AND PROCEDURAL BACKGROUND

City of San Diego Police Officer Fausto Gonzalez met Demara during January 1994 while Gonzalez was working undercover for the San Diego County Regional Auto Theft Task Force. Gonzalez told Demara he was interested in buying stolen vehicles.

On January 23, 1994, Hiram De Gante's Toyota Corona was stolen in Chula Vista. On January 24 Demara paged Gonzalez and when Gonzalez called him, Demara said he had two Toyota vehicles he wanted to sell to him. Demara arrived at the designated meeting place, a parking lot of a Lucky market in Chula Vista, driving De Gante's Toyota Corona. After some negotiation Gonzalez bought the vehicle from Demara for $100. Demara told Gonzalez they would do more business in the future.

During the evening of February 8, 1994, or the morning of February 9, 1994, James Bagwell's Chevrolet pickup truck was stolen in San Diego. On February 9 Demara paged Gonzalez and when Gonzalez called him, Demara said he had two vehicles but he wanted to sell him a truck, which he said was stolen. They agreed to meet at the same parking lot as before and Demara arrived with an associate, Cesar Palacios. Gonzalez did not observe Demara driving Bagwell's truck. After negotiating with Demara, Gonzalez agreed to pay $300 for Bagwell's truck and gave the money to Palacios.

On February 12, 1994, Wendy Rigoli's Toyota van was stolen in San Diego. On February 13, 1994, Demara paged Gonzalez and when Gonzalez

---

[1] All statutory references are to the Penal Code unless otherwise specified.

called him, Demara said he had two stolen vehicles to sell to Gonzalez, including a Toyota van. They agreed to meet at the same location. A Toyota van driven by Palacios and another vehicle driven by Demara arrived and were parked near Gonzalez. After negotiation with Demara and Palacios, Gonzalez paid Demara $240 for Rigoli's van.

During two or possibly all three occasions Demara appeared with only one vehicle despite having told Gonzalez he had two vehicles. Each time, Demara explained to Gonzalez that he had lent the other vehicles to friends to transport illegal aliens.

An information was filed charging Demara with three counts of unlawfully taking or driving a vehicle in violation of Vehicle Code section 10851, subdivision (a), with related allegations under section 666.5, subdivision (a) that he had been convicted previously of a Vehicle Code section 10851 offense. He also was charged with three counts of unlawfully receiving stolen property in violation of section 496, subdivision (a). Counts 1 and 2 related to De Gante's vehicle; counts 3 and 4 related to Bagwell's vehicle; and counts 5 and 6 related to Rigoli's vehicle. Special allegations were made under section 667.5, subdivision (b) that Demara had two prior prison terms for felony convictions under, respectively, Health and Safety Code section 11377, subdivision (a) and Vehicle Code section 10851, subdivision (a).

After the jury found Demara guilty on all six counts and after Demara admitted his prior felony convictions and prison terms, the court sentenced him to prison for a total of nine years and eight months by imposing the upper term of five years for count 1, two consecutive terms of sixteen months each for counts 3 and 5 and two additional consecutive one-year terms for his prior prison terms. Pursuant to section 654 the court stayed Demara's three-year sentences for each of the three convictions on counts 2, 4 and 6 for receiving stolen property (§ 496, subd. (a)).

## DISCUSSION

### I-III*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

### IV

*Demara Was Properly Sentenced Under Both Sections 666.5 and 667.5*

Demara contends the court erred in sentencing him under section 666.5 for his Vehicle Code section 10851 conviction as a result of his prior

---

*See footnote, *ante*, page 448.

conviction under that statute, while also imposing a one-year sentence enhancement under section 667.5 for the prison term he served for the same prior conviction. Specifically, he asserts application of section 666.5 resulted in an aggravated term of five years when an aggravated term of only three years would have applied under Vehicle Code section 10851 if his prior section 10851 conviction had not been considered, and this section 666.5 "enhancement" of his sentence cannot be used in combination with the one-year enhancement under section 667.5 for the prison term he served in connection with that prior conviction, citing *People* v. *Jones*[8] (1993) 5 Cal.4th 1142 [22 Cal.Rptr.2d 753, 857 P.2d 1163]. He contends his sentence must be reduced by one year, because the section 667.5 enhancement was invalid in light of the "enhancement" already imposed under section 666.5. We disagree. Section 666.5 imposes not an enhancement but a greater base term for certain recidivists. Accordingly, the enhancement under section 667.5 was properly added to the base term sentence imposed under section 666.5.

California Rules of Court, rule 405(c) narrowly defines the term "enhancement" as "an additional term of imprisonment added to the base term." (See *People* v. *Whitten* (1994) 22 Cal.App.4th 1761, 1766 [28 Cal.Rptr.2d 123].) Thus, a statute which imposes the applicable "base term" sentence is entirely different from a statute which imposes an "enhancement" in addition to that base term.

Section 666.5, subdivision (a) provides a greater base term for certain recidivists who commit the same class of offense: "Every person who, having been previously convicted of felony vehicle theft under Section 10851 of the Vehicle Code, or felony grand theft involving an automobile in violation of subdivision (d) of Section 487 or Section 487h, regardless of whether or not the person actually served a prior prison term for those offenses, is subsequently convicted of any of these offenses shall be punished by imprisonment in the state prison for three, four, or five years, or a fine of ten thousand dollars ($10,000), or both the fine and the imprisonment." Absent any of these prior convictions under section 666.5, a person

---

[8]In *Jones* the trial court sentenced the defendant to consecutive base terms of six years for each of the three counts of forcible sodomy and then, among other things, it added two enhancements for the same prior serious felony conviction (§ 667, subd. (a)) or prison term for the underlying conviction (§ 667.5, subd. (b)) for additional consecutive sentences of, respectively, five years and one year. (*People* v. *Jones, supra,* 5 Cal.4th at p. 1145.) Finding no distinction between the conviction and the prison term for the underlying conviction, the court concluded that under the applicable statutory language only the greater enhancement under section 667 could be imposed. (5 Cal.4th at pp. 1149-1153.) To the extent Demara cites language in the *Jones* opinion which refers to both statutes in that case as "sentence-enhancing" even though one is based on the conviction and the other is based on the prison term for the underlying conviction, such language is probably dicta and in any event inapplicable to our statute (i.e., § 666.5), which we conclude is not an enhancement statute.

who commits an offense under Vehicle Code section 10851, subdivision (a) would ordinarily be subject only to a base term of sixteen months or two years or three years. Thus, the effect of section 666.5 is to increase the base term for a Vehicle Code section 10851 offense by a recidivist to a range of three, four or five years.

In contrast, section 667.5, subdivision (b) does not provide the base term for any particular offense, but rather adds a one-year enhancement to a given base term for persons who have prior prison terms. Section 667.5 provides in relevant part:

"Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows:

" . . . . . . . . . . . . . . . . . . . . . . . . . .

"(b) Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony . . . ."

Demara fails to cite any statute or case which prohibits the imposition of an enhancement in addition to an elevated base term for certain recidivists. On the contrary, our review of current case law indicates there are many analogous situations where enhancements are permitted in combination with elevated base terms.

The closest and most analogous line of cases falls under section 666,[9] which increases the potential base term punishment for petty theft from a misdemeanor to a felony sentence of up to one-year imprisonment for offenders who have a prior conviction of certain offenses. Cases have uniformly held that this use of a prior conviction under section 666 to upgrade the base term in combination with the addition of a one-year sentence enhancement under section 667.5, subdivision (b) does not constitute a prohibited "dual use." (See, e.g., *People* v. *Darwin* (1993) 12 Cal.App.4th 1101, 1103-1104 [15 Cal.Rptr.2d 894]; *People* v. *Price* (1992) 4 Cal.App.4th 1272, 1276-1278 [6 Cal.Rptr.2d 263] [regarding sections 666 & 667, subdivision (a)]; *People* v. *Vega* (1990) 224 Cal.App.3d 506, 511-513 [273 Cal.Rptr. 684], disapproved on other grounds in *People* v. *McClanahan* (1992) 3 Cal.4th 860, 872, fn. 6 [12 Cal.Rptr.2d 719, 838 P.2d 241]; *People*

---

[9]Section 666 provides: "Every person who, having been convicted of petit theft, grand theft, auto theft under Section 10851 of the Vehicle Code, burglary, carjacking, robbery, or a felony violation of Section 496 and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, is subsequently convicted of petit theft, then the person convicted of that subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison."

v. *Rodriguez* (1988) 206 Cal.App.3d 517, 520 [253 Cal.Rptr. 633]; *People* v. *Levell* (1988) 201 Cal.App.3d 749, 752-753 [247 Cal.Rptr. 489]; *People* v. *Bruno* (1987) 191 Cal.App.3d 1102, 1106-1107 [237 Cal.Rptr. 31].) The *Bruno* court noted: "Here the sentence pronounced properly carried out the policies of both sections 666 and 667.5, imposing a greater punishment on a thief because of his recidivism and additional punishment on a felon whose prior prison term failed to deter future criminality." (*People* v. *Bruno, supra,* at p. 1107.) Further, in *People* v. *Price, supra,* at page 1278, we stated: "Clearly the Legislature could determine an offender who committed petit theft having previously been convicted of a robbery and having served a term therefor in a penal institution deserved greater punishment [than] the offender committing petit theft without having been convicted of an earlier crime and incarcerated for that crime. Generally, greater punishment for the recidivist is consistent with the principles governing our criminal justice system. In addition the Legislature also had the power to prescribe greater punishment for an offender who committed a serious felony having previously been convicted of a serious felony. These different but related penal objectives requiring the repeat offender to be incarcerated for additional periods of time are clearly constitutional and are not violative of any penal statute. We therefore hold the court could properly impose an eight-month subordinate term for the petit theft with a prior and an additional five years for the robbery enhancement under section 667 subdivision (a)." Thus, the use of a prior conviction to increase the base term sentence for a new offense in conjunction with an enhancement added to that base term has been widely recognized.

Another line of analogous cases involves the so-called "three strikes" legislation. In particular, five-year sentence enhancements under section 667, subdivision (a) for prior serious felonies have been upheld in conjunction with an elevated base term sentence (i.e., double the base term) under section 667, subdivision (e)(1) based on the same prior serious felony conviction. (See, e.g., *People* v. *Ramirez* (1995) 33 Cal.App.4th 559, 567-569 [39 Cal.Rptr.2d 374]; *People* v. *Anderson* (1995) 35 Cal.App.4th 587, 592-595 [41 Cal.Rptr.2d 474].) In distinguishing *People* v. *Jones, supra,* 5 Cal.4th 1142 which struck down the "dual use" of a prior conviction to impose enhancements under both sections 667.5 and 667, subdivision (a), the court in *People* v. *Anderson, supra,* at pages 594-595, stated: "The holding of *Jones* is irrelevant here. This case does not involve the application of two enhancement provisions. Defendant's position rests on the assumption that the doubling of the base term is an enhancement and the imposition of an additional five years for the prior serious felony conviction is a second enhancement. Defendant's threshold assumption is erroneous. The legislative determination, that under these circumstances the base term is doubled,

does not constitute an enhancement. Instead, it is the articulation of a parallel sentencing scheme for specifically described recidivists. An enhancement is 'an additional term of imprisonment added to the base term.' ([Cal. Rules of Court,] Rule 405(c).) A base term is 'the determinate prison term selected from among the three possible terms prescribed by statute or the determinate prison term prescribed by law if a range of three possible terms is not prescribed.' ([Cal. Rules of Court,] Rule 405(b).) While [section 667,] subdivision (a)(1) is an enhancement, subdivisions (b) to (e) constitute a separate sentencing formulation. In coming to this conclusion, we rely upon a line of cases interpreting similar habitual offender statutes, including sections 667.7 and 667.51. [Citations.] [¶] . . . Defendant's sentence was enhanced once, not twice. Thus, the *Jones* proscription does not obtain." Another court noted: "Section 667, subdivision (e)(1) does not provide for any kind of 'added term.' Instead, it defines the term for the crime itself, supplanting the term that would apply but for the prior serious or violent felony." (*People* v. *Martin* (1995) 32 Cal.App.4th 656, 667 [38 Cal.Rptr.2d 776].)

Similarly, other courts have held that elevated or alternate sentencing schemes for recidivists under, respectively, sections 667.51, subdivision (d) and 667.7 do not constitute enhancements. (See *People* v. *Webb* (1992) 7 Cal.App.4th 575, 579-580 [8 Cal.Rptr.2d 904] [§ 667.51, subd. (d)]; *People* v. *Decker* (1988) 199 Cal.App.3d 694, 697 [245 Cal.Rptr. 40] [former § 667.51, subd. (c), now subd. (d)]; *People* v. *Skeirik* (1991) 229 Cal.App.3d 444, 466 [280 Cal.Rptr. 175] [§ 667.7]; *People* v. *Burkett* (1991) 1 Cal.App.4th 971, 975 [2 Cal.Rptr.2d 330] [§ 667.7].)

Based on the well-established lines of analogous cases distinguishing elevated or alternate sentencing schemes for recidivists from enhancement statutes, we conclude section 666.5 likewise is not an enhancement statute, but rather is an elevated or alternate sentencing scheme which provides a greater base term for certain recidivists. It does not "add" any sentence to a base term in accordance with the recognized definition of an "enhancement." Accordingly, we hold a one-year enhancement under section 667.5, subdivision (b) which is added to the elevated base term provided for under section 666.5 is proper and not proscribed by any existing case or statute cited by Demara or of which we are aware.[10]

---

[10]Although Demara fails to cite section 654 as a ground for arguably prohibiting "dual use" in this case, we find it is inapplicable because that statute applies only to dual use of an "act or omission" for purposes of punishment. In this case sections 666.5 and 667.5, subdivision (b) deal with the "fact" of Demara's status as a recidivist, as opposed to any "act" he did with respect to the instant offenses. (See, e.g., *People* v. *Rodriguez, supra*, 206 Cal.App.3d at pp. 518-520.)

We acknowledge the California Supreme Court granted review in *People v. Coronado* █ (Cal.App.) on December 22, 1994, in which case the Court of Appeal upheld a section 667.5, subdivision (b) enhancement based on a prison term for a conviction, which was also the basis of an elevated base term under Vehicle Code section 23175, finding only one enhancement existed (i.e., under § 667.5, subd. (b)). This holding is directly apposite to our situation, and our reasoning may or may not ultimately be validated by the Supreme Court in that case. Absent any definitive direction from the Supreme Court on this issue at this time, we nevertheless stand by our reasoning for disposition of this case.

### DISPOSITION

The judgment is affirmed except that the convictions on counts 4 and 6 are reversed.

Benke, Acting P. J., and Haller, J., concurred.