[No. B158648. Second Dist., Div. Six. Apr. 16, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
GILBERTO C. GARCIA, Defendant and Appellant.

**COUNSEL**

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Susan D. Martynec and Alan D. Tate, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**YEGAN, J.**—Here we stifle "creative accounting" by a prosecutor who attempts to create multiple crimes out of just one. As our California Supreme Court indicated over 100 years ago: "Although, when a man has done a criminal act, the prosecutor may carve as large an offense out of the transaction as he can, yet he is not at liberty to cut but once." (*People v. Stephens* (1889) 79 Cal. 428, 432 [21 P. 856].)

Gilberto C. Garcia appeals after a jury found him guilty of, inter alia, three counts of felony evading from a peace officer. (Veh. Code, § 2800.2, subd.

(a).)[1] He was sentenced to an aggregate term of 12 years four months in state prison. We reverse on two counts of felony evading (counts 3 & 4). We nevertheless affirm the 12-year four-month sentence because the six-year prison terms imposed on the two contested felony evading counts were stayed. Thus, there is no need for resentencing.

*Facts*

Appellant took a 1990 Toyota pickup in front of a 7-Eleven store in Santa Maria. The owner was inside delivering newspapers. The 7-Eleven employee immediately reported the offense to the police.

Santa Maria Police Officer Russell Mengel responded, saw the pickup, turned on his emergency lights and siren, and gave chase. Appellant accelerated away leading Officer Mengel and two other pursing police vehicles on a 30-minute chase. Appellant drove at speeds in excess of 100 miles per hour. He ran 32 stop signs and 4 stoplights, drove on the wrong side of the road, and almost hit a truck and car. Appellant turned into a blocked alley and was arrested. When asked why he fled, appellant replied: "Because I'm stupid."

*Multiple Convictions for Evading*

■ Appellant contends that the trial court erred in denying his motion to dismiss two of the counts (counts 3 & 4) for felony evading. The trial court found that multiple counts and convictions were permissible because each count named a different officer.

In *Wilkoff v. Superior Court* (1985) 38 Cal.3d 345, 349 [211 Cal.Rptr. 742, 696 P.2d 134] our Supreme Court held that "a charge of multiple counts of violating a statute is appropriate only where the actus reus prohibited by the statute—the gravamen of the offense—has been committed more than once." There, the defendant was charged with multiple counts of felony driving under the influence (§ 23153) arising out of a single incident in which six persons were injured or killed. The court held that only one count could be

---

[1] All statutory references are to the Vehicle Code unless otherwise stated.

Section 2800.2, subdivision (a) provides in pertinent part: "If a person flees or attempts to elude a pursing peace officer in violation of Section 2800.1 and the pursued vehicle is driven in a willful or wanton disregard for the safety of persons or property, the person driving the vehicle, upon conviction, shall be punished by imprisonment in the state prison, or by confinement in the county jail for not less than six months nor more than one year."

Section 2800.1 provides in pertinent part: "(a) Any person who, while operating a motor vehicle and with the intent to evade, willfully flees or otherwise attempts to elude a pursing peace officer's motor vehicle, is guilty of a misdemeanor . . . ."

charged because the actus reus of the offense did not include causing bodily injury. (*Wilkoff*, at p. 352.) "A defendant may properly be convicted of multiple counts for multiple victims of a single criminal act only where the act prohibited by the statute is centrally an 'act of violence against the person.' [Citation.]" (*Id.*, at p. 351.)

The cases initially relied upon by the Attorney General are inapposite. (*People v. Hall* (2000) 83 Cal.App.4th 1084, 1096 and fn. 6 [100 Cal.Rptr.2d 279] [three counts of brandishing firearm at officers not a crime of violence but defendant may have waived multiple conviction issue by pleading guilty]; *People v. Ortega* (1998) 19 Cal.4th 686, 700 [80 Cal.Rptr.2d 489, 968 P.2d 48] [multiple convictions for carjacking and robbery proper based on single course of conduct].) Unlike robbery or carjacking, which are crimes of violence, felony evading, as defined by the Legislature, is not a crime of violence. Having considered *Wilkoff v. Superior Court, supra,* 38 Cal.3d 345, the Attorney General has now confessed error.

At trial, the prosecutor argued that, in order to convict for felony evading, the jury had to find that appellant drove the pickup in "willful and wanton disregard for the safety of persons or property. If you think he stole that truck, . . . that he drove [it] into the ground such [that] the truck wasn't worth anything afterwards and couldn't be used any longer, then that's enough." This was a correct statement of the law because the actus reus of the offense did not involve an act of violence against the person. (*Wilkoff v. Superior Court, supra,* 38 Cal.3d at pp. 351-352.) Based on the presenting facts and *Wilkoff,* we conclude that appellant may only be convicted of one count of section 2800.2 even though the pursuit involved multiple police officers in multiple police vehicles.

According to the prosecutor's theory, adopted by the trial court, one need only count the number of police cars in pursuit to determine the number of counts. But a defendant's liability for felony evading should not rest on how many police cars are dispatched by a watch commander. The instant evading was equally deplorable whether appellant was pursued by one police officer, three police officers, or the entire police force. Here the evading was an uninterrupted single course of conduct, i.e., one continuous act of driving lasting 30 minutes. The statutory language (fn. 1, *ante,* at p. 1162) contemplates a continuous course of driving, which may transpire over a short or long period of time.

*People v. Lewis* (1978) 77 Cal.App.3d 455 [143 Cal.Rptr. 587, 3 A.L.R.4th 1185], illustrates the "continuous course" concept. There the defendant was charged with "pimping" over a five-year period. Convicted of

four counts in the trial court, the Court of Appeal reversed three counts because the single act of "pimping," i.e., deriving support from a prostitute's earnings over a five-year period, was a "continuous course" of conduct. If a five-year continuous course of conduct is but one nonviolent crime that cannot be splintered into more than one offense, a 30-minute course of conduct is also but one non violent crime that cannot be splintered into more than one offense.[2]

### CALJIC No. 16.631

■  On the misdemeanor driving without a license charge, the evidence was uncontroverted that appellant did not have a driver's license. The trial court instructed on the elements of the offense and gave CALJIC No. 16.631, which stated: "It is not necessary for the People to introduce evidence that the defendant did not have a valid driver's license to operate a motor vehicle. Whether defendant was or was not properly licensed is a matter peculiarly within his or her own knowledge. The burden is on the defendant to raise a reasonable doubt as to his or her guilt of driving a motor vehicle upon a highway without being a holder of a valid driver's license."

Appellant erroneously contends that the instruction violated his constitutional rights because it shifted the burden of proof. Where possession of a valid license is a complete defense, the burden is on the defendant to produce the license. (*In re Shawnn F.* (1995) 34 Cal.App.4th 184, 197 [40 Cal.Rptr.2d 263] [CALJIC No. 16.631 based on "rule of convenience"].) CALJIC No. 16.631 is a correct statement of California law.

The prosecution was not required to disprove all possible defenses such as the possibility that appellant held a valid driver's license issued by another state or country. "[I]f the charge contains a negative averment or concerns a fact peculiarly within the knowledge of the accused, the initial burden of producing evidence on that issue may be placed upon the accused where he has more ready access to that proof and subjecting him to this burden will not be unduly harsh or unfair." (*People v. Montalvo* (1971) 4 Cal.3d 328, 334 [93 Cal.Rptr. 581, 482 P.2d 205, 49 A.L.R.3d 518].)

### Apprendi v. New Jersey

■  In the second phase of trial, the trial court instructed that appellant "is the person whose name appears on the documents admitted to establish

---

[2]We do not minimize the gravity of this offense, which puts pedestrians, other drivers, pursing police officers, and property at severe risk. Of course, this risk increases the longer the pursuit. Whether a prolonged pursuit should result in increased punishment is a legislative question. (See, e.g., *In re Lynch* (1972) 8 Cal.3d 410, 414 [105 Cal.Rptr. 217, 503 P.2d 921].)

the convictions." (CALJIC No. 17.26.) The jury found the prior conviction allegations to be true.

Relying on *Apprendi v. New Jersey* (2000) 530 U.S. 466 [120 S.Ct. 2348, 147 L.Ed.2d 435], appellant claims that he was denied the right to jury trial on whether he is the person who suffered the prior conviction and whether the prior conviction qualified as a strike. We reject the argument. "The right, if any, to a jury trial of prior conviction allegations derives from [Penal Code] sections 1025 and 1158, not from the state or federal Constitution. [Citations.]" (*People v. Epps* (2001) 25 Cal.4th 19, 23 [104 Cal.Rptr.2d 572, 18 P.3d 2].) Appellant has no right to jury trial on whether he is the person whose name appears on the documents admitted to establish the convictions. (*Id.*, at pp. 26-27; *People v. Belmares* (2003) 106 Cal.App.4th 19, 20-28 [130 Cal.Rptr.2d 400].) Nor is there a constitutional right to jury trial on whether the prior convictions qualify as sentence enhancements. (*People v. Williams* (2002) 99 Cal.App.4th 696, 700-701 [121 Cal.Rptr.2d 464]; see also *People v. Sengpadychith* (2001) 26 Cal.4th 316, 326 [109 Cal.Rptr.2d 851, 27 P.3d 739] [sentencing enhancement may be decided by trial court]; *Harris v. United States* (2002) 536 U.S. 545, 566-569 [122 S.Ct. 2406, 2419-2420, 153 L.Ed.2d 524] [same].)

Where the trial court finds that the defendant is the person who is named in the conviction records, it may so instruct the jury. (*People v. Kelii* (1999) 21 Cal.4th 452, 458 [87 Cal.Rptr.2d 674, 981 P.2d 518].) The jury then " '*determine*[*s*] *whether those documents are authentic and, if so, are sufficient to establish that the convictions the defendant suffered are indeed the ones alleged.*' " (*People v. Epps, supra,* 25 Cal.4th at p. 27, quoting *People v. Kelii, supra,* 21 Cal.4th at pp. 458-459.)

*Prior Taking of a Vehicle Conviction*

On count 1, unlawful taking of a vehicle (§ 10851, subd. (a)), the jury found that appellant had suffered a prior section 10851 subdivision (a) conviction within the meaning of Penal Code section 666.5, subdivision (a). Based on the prior "conviction," the trial court imposed the upper four-year term on count 1; it added one-year because appellant served a "prison term" as a result of this prior conviction. (Pen. Code, § 667.5, subd. (b).)

Appellant asserts that the prior conviction was used to impose multiple sentence enhancements. We reject the argument for the reasons stated in *People v. Demara* (1995) 41 Cal.App.4th 448, 455 [48 Cal.Rptr.2d 682]. Penal Code section 666.5 does not define a new offense, but simply increases the punishment for violation of section 10851, subdivision (a) by a

recidivist. The prior conviction was properly used to impose an elevated sentence on count 1 pursuant to Penal Code section 666.5 and the prior prison term as a result thereof was properly used to enhance the sentence under Penal Code section 667.5. (*Demara,* at pp. 454-455.)

*Presentence Custody Credit*

The trial court awarded 301 days of actual custody credit and 60 days conduct and worktime credit. Appellant contends, and the Attorney General agrees, that he should have received 150 days of credit for the latter. The trial court erred in finding that a 15 percent limitation for conduct and worktime credits applied. (Pen. Code, § 2933.1.) None of the crimes of which appellant was convicted are listed in Penal Code section 667.5, subdivision (c) as violent crimes.

The convictions on counts 3 and 4 are reversed. The judgment is modified to reflect 150 days of conduct and worktime credits. As so modified, the judgment is affirmed. The superior court is ordered to prepare an amended abstract of judgment and transmit it to the Department of Corrections.

Gilbert, P. J., and Perren, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 9, 2003. George, C. J., and Brown, J., did not participate therein.