Filed 9/8/23  P. v. Stites CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TRAVIS STEVEN STITES,<br><br>Defendant and Appellant. | C097538<br><br>(Super. Ct. Nos. 21CF01647,<br>22CF02584) |

Appointed counsel for defendant Travis Steven Stites filed an opening brief that sets forth the facts of case Nos. 21CF01647 and 22CF02584 and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v Wende* (1979) 25 Cal.3d 436.)  Defendant filed a supplemental brief disputing the facts and circumstances under which he pleaded no contest in case No. 22CF02584, as well as challenging the upper term sentence imposed.  We directed the People to file a supplemental brief addressing the latter issue; they filed a brief wherein they raised the new claim that the trial court imposed an unauthorized sentence in case No. 22CF02584.

1

We permitted defense counsel to reply. We now reject defendant's claims but agree with the People that the sentence was unauthorized. We will remand for full resentencing with directions to correct the unauthorized sentence in case No. 22CF02584; this disposition will allow the trial court to exercise its discretion to adjust the other components of the aggregate sentence under the current sentencing laws, if it chooses to do so.

FACTUAL AND PROCEDURAL BACKGROUND

*Case No. 21CF01647*

In March 2021, Anthony Rodriguez began following a black Honda CRV belonging to him that had been stolen earlier in the month. The driver--later identified as defendant--stopped and asked Rodriguez why he was following him. After Rodriguez told defendant he was driving Rodriguez's car, defendant drove off. Rodriguez followed, losing sight of the vehicle but subsequently locating it parked at a Raley's shopping center. A witness told Rodriguez that the driver had walked toward the front entrance of Raley's. Law enforcement arrested defendant after he came out of the Raley's.

Defendant was charged with receiving a stolen vehicle with a prior automobile theft-related conviction (Pen. Code, §§ 496d, subd. (a), 666.5, subd. (a); count 1)[1] and possessing a controlled substance (Health & Saf. Code, § 11377, subd. (a); count 2). It was further alleged defendant had suffered prior serious or violent felony conviction. (§§ 667, subd. (b)-(i), 1170.12.) Defendant pleaded no contest to receiving a stolen vehicle and admitted the prior conviction. The remaining charges and allegations were dismissed. The trial court suspended imposition of the sentence and granted defendant a two-year term of formal probation on the condition that he enroll in a drug program.

---

[1] Undesignated statutory references are to the Penal Code.

*Case No. 22CF02584*

In May 2022, a police officer went to a U-Haul rental facility in Chico and spoke to the staff about a U-Haul Chevrolet pickup truck used in recent crimes. The staff gave the officer the name of the person who had rented the truck, which had not been returned on the scheduled date. When contacted, the person who had originally rented the truck told the officer that defendant had taken the truck and had represented that he would return it to the rental facility for her. Later that evening, the officer located the rental truck in a parking lot and identified defendant as the driver. The officer turned on his patrol car lights, got out of his vehicle, and told defendant to shut off the engine and place his hands outside the driver's window. Defendant ignored the officer and quickly drove out of the parking lot. It appeared to the officer that defendant had been attempting to remove the U-Haul decals on the truck. Some days later, a police officer arrested defendant after stopping him for a traffic violation and determining that he had an outstanding felony warrant and was on probation.

Defendant was charged with receiving a stolen vehicle with a prior automobile theft-related conviction (§§ 496d, subd. (a), 666.5; count 1), reckless driving in off-street parking (Veh. Code, § 23103, subd. (b); count 2), resisting arrest (§ 148, subd. (a)(1); count 3), and driving with a license suspended or revoked due to a conviction for driving under the influence (Veh. Code, § 14601.2, subd. (a), count 4). It was further alleged that defendant had previously been convicted of a serious or violent felony. (§§ 667, subd. (d), 1170.12, subd. (b).) Based on the allegations of the criminal complaint, a petition was filed alleging defendant violated his probation in case No. 21CF01647.

Defendant pleaded no contest to receiving a stolen vehicle and admitted the prior conviction (from case No. 21CF01647). The remaining charges and allegations were dismissed. Defendant filed a motion to withdraw the plea, which the trial court heard and denied.

3

*Sentencing and Appeal*

On October 20, 2022, the trial court sentenced defendant to four years eight months in state prison, consisting of the upper term of four years for receiving a stolen vehicle with a prior conviction in case No. 21CF01647 and eight months consecutive in case No. 22CF02584, which the trial court described as one-third the middle term.

Defendant filed a timely notice of appeal, as well as a request for a certificate of probable cause, which the trial court denied.

DISCUSSION

I

*Defendant's Contentions*

Counsel's *Wende* brief noted that defendant had been advised he could file a supplemental brief to bring to the attention of this court any issues he believed deserved review. Defendant filed a supplemental brief arguing that he only agreed to plead no contest in case No. 22CF02584 because the public defender promised he would go to drug court. He also claimed he was sentenced to county prison as the probation office recommended but then "tricked" into returning for resentencing to state prison. He posits he would have been acquitted had the case been tried, because the U-Haul was never reported stolen and law enforcement caught another person with the truck. He adds that private counsel who represented him had a conflict of interest because she had "a criminal case of her own in the same court with the same judge as me . . . ." Lastly, he asserts that, under the section 1170 limitation on sentencing, he should have received the middle term.

As mentioned, the trial court denied defendant's request for a certificate of probable cause. California Rules of Court, rule 8.304(b)(3) provides, in relevant part, that, in an appeal from a judgment on a plea of no contest, if "the superior court denies a certificate of probable cause, the appeal will be limited to issues that do not require a certificate of probable cause." A certificate of probable cause is required to appeal from

4

a judgment on a no contest plea on grounds that affect the validity of the plea. (*Id.,* rule 8.304(b)(1).) A certificate is not required to appeal "[t]he sentence or other matters occurring after the plea or admission that do not affect the validity of the plea or admission." (*Id.,* rule 8.304(b)(2)(B).)

These rules preclude this court from reaching the issues defendant raises on appeal, save for his claim that the sentence in case No. 22CF02585 did not comply with section 1170. We now address that claim and agree that, in imposing an upper term sentence in case No. 22CF02584, the trial court failed to sentence defendant in conformity with section 1170.

Under section 1170, the trial court may impose the upper term only if the facts underlying the aggravating circumstances that justify the upper term "have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) The court nonetheless "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

In sentencing defendant, the trial court acknowledged section 1170 limited its authority to impose a sentence exceeding the middle term. The court further noted that defendant "did not stipulate to the existence of aggravating factors, nor did a jury find aggravating factors to be true." But the court also observed that "1170(b)(3) . . . allows the Court to consider Defendant's prior convictions and determine sentencing based upon [a] certified record of conviction without submitting the prior conviction to a jury."

Despite invoking section 1170, subdivision (b)(3), the record does not show that the trial court admitted or considered a certified record of conviction. Rather, the record indicates the court considered in aggravation defendant's criminal history attached to a probation report. A probation report is not a certified record of conviction. (*People v.*

5

*Dunn* (2022) 81 Cal.App.5th 394, 403, review granted Oct. 12, 2022, S275655; see also *People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1114.)

The People concede the error but contend defendant forfeited the issue by failing to object that the criminal history attached to the probation report was insufficient to establish his prior convictions. We agree. However, because we are remanding for a full resentencing given the imposition of an unauthorized term for another component of the aggregate sentence, as we describe in more detail *post*, defendant will have a chance to object to any term chosen by the trial court in advance of his resentencing. Thus, we need not and do not discuss this issue further.

II

*The People's Contention*

The People include in their supplemental brief the additional contention that the trial court imposed an unauthorized sentence in case No. 22CF02584. In that case, defendant pleaded no contest to receiving a stolen vehicle (§ 496d, subd. (a)) and admitted a prior conviction for the same offense (§ 666.5, subd. (a)). The trial court sentenced defendant to eight months consecutive custody time, to which the court referred as one-third the middle term for the violation of section 496d, subdivision (a). However, the sentencing triad for vehicle theft *with a prior conviction* is two, three, or four years. (§ 666.5, subd. (a).)[2] Indeed, the complaint in case No. 22CF02584 refers to the sentence for vehicle theft with a prior conviction as "2-3-4 Yrs." Further, in entering his plea to case No. 22CF02584, defendant acknowledged that four years in state prison--

_____

[2] Section 666.5, subdivision (a) provides in relevant part that: "Every person who, having been previously convicted of" the vehicle-related offenses enumerated in the statute including "a felony violation of Section 496d regardless of whether or not the person actually served a prior prison term for those offenses, is subsequently convicted of any of those offenses *shall* be punished by imprisonment . . . for two, three, or four years . . . ." (Italics added.)

the correct upper term--was the maximum sentence he could receive due to his plea to that charge.

We granted defendant's request to file a supplemental reply brief addressing the People's new claim. Defendant argues the People overlooked that he bargained with the district attorney to dismiss the "special allegations" in the complaint in case No. 22CF02584, which, according to defendant, consist solely of the section 666.5 prior conviction allegation. He references item No. 7 of defendant's plea agreement, which sets forth the negotiated settlement with the district attorney, and includes, inter alia, the handwritten words "strike special allegations."

After examining the record, we disagree that the plea agreement contemplated the striking of the prior vehicle theft allegation. Rather, as we next explain, defendant clearly contemplated admitting the allegation as part of his plea, and he did so. Nor was there any agreement to dismiss the prior vehicle theft allegation (to which he had already pleaded) at sentencing.

Review of the complaint in case No. 22CF02584 discloses that there were *two* allegations appended to the charge of vehicle theft: the prior vehicle theft allegation (§ 666.5) and a strike allegation (§§ 667, subd. (b)-(i), 1170.12). At the plea hearing for case No. 22CF02584, defense counsel described for the trial court the plea set forth in the agreement defendant had signed: "[Defendant is] going to be entering a no contest plea to Count 1, violation of Penal Code Section 496d, [subd.] (a). *He's admitting to a prior conviction in Butte superior court [sic] case number 21CF01647.* Upon entry and acceptance, the remaining counts are going to be dismissed, *as well as the strike of the special allegations.*" (Italics added.)

In the written plea agreement, item No. 7, defendant set forth the representations made to him as the dismissal of all counts to which he had not pleaded, with a note referencing "#3," as well as the "strike special allegations" notation referenced above and

7

a reference to drug court. Examination of item No. 3reveals his agreement to admit count 1, receiving stolen property, as well as the charged prior theft conviction allegation.

Thus, the record in its entirety makes clear that the handwritten entry "strike special allegations" on the plea agreement, as well as defense counsel's oral description of the agreement set forth above, were referring to dismissal of the "strike" portion of the "special allegations"; that is, dismissal the second strike allegation under the three strikes law (§§ 667, subd. (b)-(i), 1170.12), at the time of sentencing. The trial court's minute order regarding defendant's plea reflects the prior serious felony (second strike) allegation stricken but *not* the section 666.5, subdivision (a) allegation.

Accordingly, defendant's plea agreement did not involve striking the section 666.5, subdivision (a) allegation, and the only authorized consecutive term available to the trial court at sentencing on the charge and accompanying allegation to which defendant pleaded no contest was one third the midterm of three years--one year--in custody, as opposed to the eight months actually imposed.

The People request that this court order correction of defendant's sentence.[3] Defendant counters that the prosecutor's failure to object to the omission of section 666.5 in sentencing in case No. 22CF02584 forfeited the issue on appeal, citing *People v. Scott* (1994) 9 Cal.4th 331.

We agree that, generally, "only those claims properly raised and preserved by the parties are reviewable on appeal." (*People v. Scott, supra,* 9 Cal.4th at p. 354.) The forfeiture rule is typically applied to "claims involving the trial court's failure to properly

---

[3] Although the People cite cases holding trial court's failure to strike or impose an enhancement results in an unauthorized sentence that may be corrected on appeal (*People v. Bradley* (1998) 64 Cal.App.4th 386, 391; *People v. Vizcarra* (2015) 236 Cal.App.4th 422, 432), we note that section 666.5 is not an enhancement but "an elevated sentencing triad for recidivist car thieves who have a prior felony for car theft or related conduct." (*People v. Lee* (2017) 16 Cal.App.5th 861, 869-870; *People v. Demara* (1995) 41 Cal.App.4th 448, 452, 455.)

make or articulate its discretionary sentencing choices." (*Id.* at p. 353.) However, an exception to the rule exists for " ' "unauthorized sentences" or sentences entered "in excess of jurisdiction." ' " (*People v. Smith* (2001) 24 Cal.4th 849, 852.) Under this exception, "obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings are not waivable." (*Ibid.*)

Here, the trial court sentenced under the wrong statute, section 496d, subdivision (a), which provides for a triad of 16 months, two years, or three years in custody, rather than to the required triad set forth in section 666.5, subdivision (a), which provides that the violator "*shall* be punished by imprisonment for two, three, or four years." (Italics added.) This error falls within the forfeiture exception for an unauthorized sentence or sentence in excess of the trial court's jurisdiction. (See *People v. Superior Court (Duran)* (1978) 84 Cal.App.3d 480, 485-486 [trial court's sentencing error in applying the wrong statute was in excess of its jurisdiction and unauthorized].) The record is clear that the trial court intended to impose a sentence of one-third the middle term prescribed by statute in case No. 22CF02584, and a sentence of eight months in custody was simply not available. The error must be corrected.

Because imposition of the only available consecutive term in case No. 22CF02584 increases defendant's aggregate sentence from that selected by the trial court, and there are other sentencing options available to that court if defendant is resentenced, we shall remand for full resentencing with directions to correct the unauthorized sentence in case No. 22CF02584. This disposition will allow the trial court to exercise its discretion to adjust the other components of the aggregate sentence under the current sentencing laws, if it chooses to do so.

## DISPOSITION

The sentence is vacated and the case is remanded for full resentencing with directions to correct the unauthorized sentence in case No. 22CF02584.  The judgment is otherwise affirmed.



                                                  /s/
                                     Duarte, Acting P. J.


We concur:


     /s/
Renner, J.


     /s/
Horst, J.*

---

\* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10