[No. C001422. Third Dist., May 8, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM DANIEL BRUNO, Defendant and Appellant.

COUNSEL

Steven E. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Joel Carey and Karen Ziskind, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

PUGLIA, P. J.—In this appeal we hold that the same prior conviction charged as an element of the felony of petit theft with a prior conviction may also serve as the basis for an enhancement of the sentence for that crime under Penal Code section 667.5, subdivision (b).

Defendant pled guilty to a charge of petit theft having previously been convicted on July 9, 1980, in Sacramento Superior Court of burglary for which he served a term "in a penal institution and [was] imprisoned therein as a condition of probation . . . ." (Pen. Code, § 666; all further references to sections of an unspecified code are to the Pen. Code.) Defendant admitted service of two prior prison terms (§ 667.5, subd. (b)), one of which was for a burglary conviction allegedly incurred on July 9, 1980, in Sacramento Superior Court. The court sentenced defendant to the three-year upper term and imposed consecutive one-year enhancements for each of the prior prison terms for a total term of five years.

It is not disputed that the substantive charge and one of the enhancements allege the identical burglary conviction. On appeal defendant contends the enhancement for his prior burglary prison term should be stricken because it is also an essential element of the charged violation of section 666, thus rendering the enhancement impermissible as a dual use of facts.

Section 667.5 provides for an enhancement for a prior prison term charged and proved. The enhancement "shall not be imposed for any felony for which defendant did not serve a prior separate term in state prison." (§ 667.5, subd. (e).) A period of incarceration in a county jail does not constitute a prison term within the meaning of the section (§ 667.5, subds. (h), (i), and (j)).

Section 666 provides: "Every person who, having been convicted of petit theft, grand theft, auto theft under Section 10851 of the Vehicle Code, burglary, or robbery and having served a term therefor in any *penal institution or having been imprisoned therein as a condition of probation for such offense,* is subsequently convicted of petit theft, then the person convicted of such subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison." (Italics added.) The phrase "any penal institution" as used in section 666 includes not only

those institutions in which service of a "prior separate prison term" qualifies as an enhancement under section 667.5 but also county jails (*In re Wolfson* (1947) 30 Cal.2d 20, 26 [180 P.2d 326]; see *People* v. *James* (1957) 155 Cal.App.2d 604, 612-613 [318 P.2d 175]).

The elements of violation of section 666 are (1) the commission of a petit theft (2) by one previously convicted of petit theft or one of the specified felonies (3) for which prior conviction a term was served in any penal institution either under a sentence or as a condition of probation. (See *People* v. *Hall* (1980) 28 Cal.3d 143, 153-154 [167 Cal.Rptr. 844, 616 P.2d 826].) Since section 666 can be violated without service of a prior "prison term" within the meaning of section 667.5, the elements of the two provisions relating to prior incarceration are not congruent.

That sections 666 and 667.5 are discrete is well illustrated by the facts of this case. On July 9, 1980, judgment and sentence were suspended and defendant was placed on four years probation for conviction of burglary, a condition of which was six months confinement in the Sacramento County jail. As a result of that conviction and county jail confinement, defendant satisfied the recidivist elements of section 666. Had he then committed a petit theft, he would have been susceptible to conviction under section 666 notwithstanding that he had not yet served a prior "prison term" within the meaning of section 667.5. On August 8, 1982, defendant's burglary probation was revoked and he was sentenced to state prison, thus satisfying the elements of a section 667.5 enhancement, but contributing nothing to his already existing status as a recidivist within the meaning of section 666.

Defendant's status as a recidivist within section 666 was established by his guilty plea to the charge which alleged he committed a petit theft and had previously been convicted of burglary for which he "served a term . . . in a penal institution . . . as a condition of probation for said offense." The prior burglary conviction resulting in probationary incarceration was an essential element of that charge. The "prior separate prison term served" for the burglary was a discrete incident for which the court "shall impose a one-year term." (§ 667.5, subd. (b); see *People* v. *Gaines* (1980) 112 Cal.App.3d 508, 515-517 [169 Cal.Rptr. 381]; *People* v. *Faught* (1981) 124 Cal.App.3d 848, 859-860 [177 Cal.Rptr. 637]). There was no prohibited dual use of facts in the sentencing calculus.

We are aware that *People* v. *Ancira* (1985) 164 Cal.App.3d 378 [210 Cal.Rptr. 527], reaches a contrary conclusion. In *Ancira* the defendant was convicted of violating section 666. A prior burglary conviction with penal servitude was charged as an element of that offense and was also charged and found true under section 667.5, subdivision (b). The court held: "Ancira

correctly contends that the court improperly imposed a one-year enhancement under Penal Code section 667.5 for the prior burglary conviction that was the basis for the charge of violating Penal Code section 666. The clerk's transcript and the court's comments at the sentencing hearing demonstrate that an enhancement was imposed for the burglary underlying the section 666 violation. This was impermissible. (See *People* v. *Edwards* (1976) 18 Cal.3d 796, 800 . . . .)" (*People* v. *Ancira, supra,* at p. 382.)[1]

*Ancira* relies upon *People* v. *Edwards* (1976) 18 Cal.3d 796 [135 Cal.Rptr. 411, 557 P.2d 995]. In that case, the defendant was convicted of possession of a firearm by a convicted felon in violation of section 12021, subdivision (a). A prior felony conviction for sale of marijuana was alleged as an element of the section 12021 violation and was also separately alleged as a prior felony conviction. At the time of sentencing, section 3024 (repealed by Stats. 1976, ch. 1139, operative July 1, 1977) provided for a minimum sentence of two years for any person previously convicted of a felony. In striking the additional punishment imposed by the trial court under section 3024, *Edwards* held: "The court's reliance on defendant's prior conviction for the dual purpose of augmenting sentence and providing an essential element of the charged offense, however, runs afoul of the established rule that when a prior conviction constitutes an element of the criminal conduct which otherwise would be noncriminal, the minimum sentence may not be increased because the indispensable prior conviction. [Citations.] Here, proof of defendant's marijuana conviction may be used *only* to establish an element of a violation of section 12021 and *not* to increase the term of the sentence under section 3024." (At p. 800; italics in original.)

*Edwards* predates the enactment of the Uniform Determinate Sentencing Act (added by Stats. 1976, ch. 1139, operative July 1, 1977) in which section 1170 is included. Subdivision (b) of section 1170, as originally enacted, provided in relevant part: "When a judgment of imprisonment is entered the court shall order the middle of the three possible terms of imprisonment, unless there are circumstances in aggravation or mitigation of the crime. . . . In no case shall the court impose an upper term upon a finding of any fact used to enhance the sentence under Section 667.5, 1170.1a, 12022, 12022.5, 12022.6, or 12022.7. In no event shall any fact be used twice to determine, aggravate, or enhance a sentence." The last quoted sentence of subdivision (b) as originally enacted codified the holding of *Edwards,* relied upon in *Ancira.*

---

[1]It is not clear from the *Ancira* opinion whether the section 667.5 prior prison term was identical to the "term . . . in any penal institution" included in the charged violation of section 666.

Prior to its operative date, July 1, 1977, the Uniform Determinate Sentencing Act was amended.[2] In addition to making some minor changes in subdivision (b) of section 1170, the amendment deleted in its entirety the sentence, "In no event shall any fact be used twice to determine, aggravate, or enhance a sentence."[3] The few sources of legislative history we have located shed no light on why the proponents of the amendment deleted the prohibition against twice using the same fact to "determine, aggravate, or enhance a sentence." ■ It is nevertheless clear that the deletion of this prohibition absolutely precludes a construction of the existing section which would again include the prohibition just as if it had not been eliminated by the Legislature. (*Madrid* v. *Justice Court* (1975) 52 Cal.App.3d 819, 825 [125 Cal.Rptr. 348].) Consequently, neither *Edwards* nor its progeny, *Ancira,* is authority for prohibiting an enhancement under section 667.5 based upon the same prior felony conviction as constitutes the underlying conviction for a section 666 charge. Here the sentence pronounced properly carried out the policies of both sections 666 and 667.5, imposing a greater punishment on a thief because of his recidivism and additional punishment on a felon whose prior prison term failed to deter future criminalty.

The judgment is affirmed.

Regan, J., and Blease, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 13, 1987.

---

[2]See Statutes of 1977, chapter 165, commonly referred to as the Boatwright Cleanup Bill (Assem. Bill No. 476).

[3]At the time defendant committed the present offense, section 1170, subdivision (b), provided: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime. At least four days prior to the time set for imposition of judgment, either party or the victim, or the family of the victim if the victim is deceased, may submit a statement in aggravation or mitigation to dispute facts in the record or the probation officer's report, or to present additional facts. In determining whether there are circumstances that justify imposition of the upper term or lower term, the court may consider the record in the case, the probation officer's report, other reports including reports received pursuant to Section 1203.03 and statements in aggravation or mitigation submitted by the prosecution, the defendant, or the victim, or the family of the victim if the victim is deceased, and any further evidence introduced at the sentencing hearing. The court shall set forth on the record the facts and reasons for imposing the upper or lower term. The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under Section 667.5, 1170.1, 12022, 12022.4, 12022.5, 12022.6, or 12022.. A term of imprisonment shall not be specified if imposition of sentence is suspended."