[No. A056730. First Dist., Div. Five. Jan 26, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
MELVIN JULIO DARWIN, Defendant and Appellant.

COUNSEL

Louis F. Doyle, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ann K. Jensen and David D. Salmon, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

KING, J.—In this case, we hold a one-year sentence enhancement under Penal Code section 667.5, subdivision (b), may be imposed for a prior prison term that is the basis of a conviction for petty theft with a prior under Penal Code section 666.

A jury convicted Melvin Julio Darwin of petty theft with a prior, and he admitted having served four prior prison terms for petty theft. The court sentenced him to the middle term of two years for the underlying offense plus four consecutive one-year terms for each of the prior prison terms.

■ Darwin contends one of the sentence enhancements must be stricken under the rule against multiple punishment set forth in Penal Code section 654. There is a split of authority on this point.

In *People* v. *Ancira* (1985) 164 Cal.App.3d 378, 382 [210 Cal.Rptr. 527], we held that a sentence enhancement could not be imposed for a prior prison term which was the basis of a conviction for petty theft with a prior. We relied on *People* v. *Edwards* (1976) 18 Cal.3d 796, 800 [135 Cal.Rptr. 411, 557 P.2d 995], which reiterated "the established rule that when a prior conviction constitutes an element of criminal conduct which otherwise would be noncriminal, the minimum sentence may not be increased because of the indispensable prior conviction." (*Ibid.*)

Subsequent decisions, beginning with *People* v. *Bruno* (1987) 191 Cal.App.3d 1102 [237 Cal.Rptr. 31], disagreed with *Ancira* and upheld sentence enhancements based on the same prior prison term underlying a conviction for petty theft with a prior. (*People* v. *Price* (1992) 4 Cal.App.4th 1272, 1276-1278 [6 Cal.Rptr.2d 263]; *People* v. *Vega* (1990) 224 Cal.App.3d 506, 511-513 [273 Cal.Rptr. 684], disapproved on another point in *People* v. *McClanahan* (1992) 3 Cal.4th 860, 872, fn. 6 [12 Cal.Rptr.2d 719, 838 P.2d 241]; *People* v. *Rodriguez* (1988) 206 Cal.App.3d 517, 520 [253 Cal.Rptr. 633]; *People* v. *Levell* (1988) 201 Cal.App.3d 749, 752-753 [247 Cal.Rptr. 489]; *People* v. *Bruno, supra*, 191 Cal.App.3d at pp. 1106-1107.)

The reasoning of *Bruno* and its progeny is as follows: The decision in *Edwards* predated the Uniform Determinate Sentencing Act, which included Penal Code section 1170. As originally enacted, subdivision (b) of section 1170 contained the sentence, "In no event shall any fact be used twice to determine, aggravate, or enhance a sentence." According to *Bruno*, this sentence "codified the holding of *Edwards*." (*People* v. *Bruno, supra*, 191 Cal.App.3d at p. 1106.) However, this sentence was deleted by amendment before the act's operative date. Thus, concluded *Bruno*, "the deletion of this prohibition absolutely precludes a construction of the existing section which would again include the prohibition just as if it had not been eliminated by the Legislature." (*Id.* at p. 1107.) In other words, the Legislature eliminated the *Edwards* rule by first codifying it and then deleting the codification.

There is a flaw in this reasoning: The original version of Penal Code section 1170 did *not* codify the *Edwards* rule. The holding in *Edwards* was that if a prior conviction is an "element" of an offense, the prior may not be used for sentence enhancement. (*People* v. *Edwards, supra*, 18 Cal.3d at p. 800.) The later-deleted sentence in the original version of section 1170 did not address the dual use of a prior as an element of an offense and for sentence enhancement, but merely addressed sentencing, stating that a fact could not be used twice to "determine, aggravate, or enhance a sentence."

These two points are not the same. Thus, the legislative action did not abrogate the *Edwards* rule.

Nevertheless, a recent California Supreme Court decision indicates the *Edwards* rule, while not abrogated, does not apply in the present context, so that the *result* reached in the *Bruno* line of cases was correct. In *People* v. *Bouzas* (1991) 53 Cal.3d 467 [279 Cal.Rptr. 847, 807 P.2d 1076], the court held a defendant charged with petty theft with a prior may stipulate to the prior and thus preclude the jury from learning of it despite article I, section 28, subdivision (f), of the California Constitution, which states, "When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court." The court reasoned that the prior "is a sentencing factor for the trial court and not an 'element' of the section 666 'offense' that must be determined by a jury." (53 Cal.3d at p. 480.) If a prior prison term underlying a conviction for petty theft with a prior is not an element of the offense but merely a sentencing factor, the *Edwards* rule against dual use of a prior as an element of an offense and for sentence enhancement does not apply. Because the present uses of the prior prison term were limited to sentence enhancement purposes, they were proper under the mandate of article I, section 28, subdivision (f), of the California Constitution that a prior felony conviction "shall subsequently be used without limitation for purposes of . . . enhancement of sentence in any criminal proceeding." (See *People* v. *Prather* (1990) 50 Cal.3d 428, 440 [267 Cal.Rptr. 605, 787 P.2d 1012] [prior felony conviction includes prior prison term under Pen. Code § 667.5, subd. (b)].)

With the *Edwards* rule inapplicable by virtue of *Bouzas*, we may properly agree with the observation in *Bruno* that, "Here the sentence pronounced properly carried out the policies of both sections 666 and 667.5, imposing a greater punishment on a thief because of his recidivism and additional punishment on a felon whose prior prison term failed to deter future criminality." (*People* v. *Bruno, supra,* 191 Cal.App.3d at p. 1107.) Also persuasive is the rationale of *People* v. *Levell, supra,* 201 Cal.App.3d at pages 753-754, that there is no improper dual use of facts in this context because petty theft with a prior merely requires incarceration in *any* penal institution, while the sentence enhancement requires a prior *prison* term.

We therefore conclude that, in light of *Bouzas*, our holding in *Ancira* must be abandoned in favor of the result reached in the *Bruno* line of cases, albeit for a different reason. We are now compelled by *Bouzas* to agree that a one-year sentence enhancement may be imposed for a prior prison term that is the basis of a conviction for petty theft with a prior.

The judgment is affirmed.

Peterson, P. J., and Haning, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 15, 1993. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.