[No. F027578. Fifth Dist. Aug. 7, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
BILLY WAYNE YARBOROUGH, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

Wendy Cathrine Forward, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Harry Joseph Colombo and George M. Hendrickson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**VARTABEDIAN, J.**—Appellant Billy Wayne Yarborough pled guilty for failing to register as a sex offender (Pen. Code, § 290, former subd. (g)(3))

for a child molestation (Pen. Code, § 288) conviction which occurred in 1979.[1] Yarborough also admitted an allegation that his 1979 conviction for child molestation constituted a prior serious felony within the meaning of the three strikes law. Yarborough was sentenced to prison for the 16-month mitigated term, which was doubled to 32 months under the three strikes law. Yarborough was granted applicable custody credits and ordered to pay a $400 restitution fine.

On appeal, Yarborough contends the trial court violated the rule announced in *People* v. *Edwards* (1976) 18 Cal.3d 796 [135 Cal.Rptr. 411, 557 P.2d 995] concerning the use of his prior conviction as both a substantive element of the offense of failing to register as a sex offender and to increase his sentence under the three strikes law. In an unpublished portion of this opinion, we discuss Yarborough's second contention, that the trial court failed to exercise its discretion to strike his prior conviction pursuant to section 1385.

DISCUSSION

I.

*Prior Conviction*

■■ Yarborough argues an essential element of the current offense (failing to register as a sex offender) was his prior conviction for child molestation. According to Yarborough, the same prior conviction which gave rise to his duty to register as a sex offender was also used to double his sentence under the three strikes law.[2] ■■ ■■ Yarborough contends that this is an improper dual use of facts barred in *People* v. *Edwards*, *supra*, 18 Cal.3d 796.[3]

■■ In *Edwards*, the defendant had a prior conviction for selling marijuana and a new conviction for being a felon in possession of a firearm. A

---

[1] All statutory references are to the Penal Code.

[2] At times pertinent hereto, section 290, former subdivision (g)(3) provided that: "Any person required to register under this section based on a felony conviction who willfully violates this section or who has a prior conviction for the offense of failing to register under this section and who subsequently and willfully commits that offense is, upon each subsequent conviction, guilty of a felony and shall be punished by imprisonment in the state prison for 16 months or two or three years."

[3] We observe that Yarborough is not challenging the dual use of facts as a violation of section 654. Challenges to the three strikes law as an improper dual use of facts under section 654 have been rejected. (*People* v. *Coronado* (1995) 12 Cal.4th 145, 156-159 [48 Cal.Rptr.2d 77, 906 P.2d 1232]; *People* v. *White Eagle* (1996) 48 Cal.App.4th 1511, 1519 [56 Cal.Rptr.2d 749]; *People* v. *Sipe* (1995) 36 Cal.App.4th 468, 488 [42 Cal.Rptr.2d 266].)

There is no constitutional bar to the imposition of cumulative punishments for the same criminal act under the double jeopardy clause. (*Missouri* v. *Hunter* (1983) 459 U.S. 359, 365-369 [103 S.Ct. 673, 677-679, 74 L.Ed.2d 535].) The scope of section 654 is based on

Penal Code provision which is no longer operative, section 3024, enhanced the defendant's sentence by two years for having a prior felony conviction. (*People* v. *Edwards*, *supra*, 18 Cal.3d at pp. 798-800.) The *Edwards* case found the dual use of facts improper there and analyzed the problem as follows: "The court's reliance on defendant's prior conviction for the dual purpose of augmenting sentence and providing an essential element of the charged offense, however, runs afoul of the established rule that *when a prior conviction constitutes an element of criminal conduct which otherwise would be noncriminal,* the minimum sentence may not be increased because of the indispensable prior conviction." (*Id.* at p. 800, italics added.) *Edwards* found that proof of the defendant's marijuana conviction could be used only to establish an element of a violation of being a felon in possession of a firearm, not to increase the term of the sentence under section 3024.

Yarborough argues that his case falls squarely within the rule established in *Edwards.* We agree with Yarborough that his prior conviction for child molestation is an element of his subsequent offense of failing to register as a sex offender pursuant to section 290, former subdivision (g)(3). We find, however, that *Edwards* is distinguishable from the instant action.

In *Edwards*, the underlying "indispensable prior conviction" was for the sale of marijuana. Because of this conviction, Edwards was an ex-felon who could not possess a firearm. Possession of a firearm is not, by itself, criminal conduct. Usually, it is perfectly legal for citizens to simply possess firearms. Possession of a firearm is illegal, however, when it is done by an ex-felon. *Edwards* announced the limited rule that when the underlying prior conviction constitutes an element "*of criminal conduct which otherwise would be noncriminal,*" the sentence may not be enhanced because of the underlying conviction. (*People* v. *Edwards*, *supra*, 18 Cal.3d at p. 800, italics added.)

Here, in contrast to *Edwards*, the underlying felony offense is for an *omission* of required conduct by a convicted sex offender. It does not involve an *act*, at all, let alone an act that is otherwise legal. Yarborough's failure to register as a sex offender in violation of section 290, former subdivision (g)(3) is inherently criminal, unlike the mere possession of a firearm. The *Edwards* rule only applies to cases in which the new offense is not inherently criminal.[4] This is not such a case.

---

legislative intent, not on state constitutional principles. (See *People* v. *Latimer* (1993) 5 Cal.4th 1203, 1214-1216 [23 Cal.Rptr.2d 144, 858 P.2d 611].)

[4] We additionally note authority that the three strikes law is not an enhancement law but a separate sentencing scheme for recidivists; thus, the vitality of the *Edwards* rule in the context of the three strikes law is in doubt. (*People* v. *Nobleton* (1995) 38 Cal.App.4th 76, 82 [44 Cal.Rptr.2d 611].)

## II.

### *Discretion to Strike Prior\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Ardaiz, P. J., and Wiseman, J., concurred.

A petition for a rehearing was denied September 1, 1998, and the opinion was modified to read as printed above.

---

*See footnote, *ante*, page 1417.