[No. A079134. First Dist., Div. Two. July 21, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL EDWARD TILLMAN, Defendant and Appellant.

[No. A083670. First Dist., Div. Two. July 21, 1999.]

In re MICHAEL EDWARD TILLMAN on Habeas Corpus.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to rules 976(b) and 976.1, California Rules of Court, this opinion is certified for publication with the exception of part I.

## COUNSEL

Matthew Zwerling and Richard Such, under appointments by the Court of Appeals, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Laurence K. Sullivan and Thomas A. Brady, Deputy Attorneys General; and John Philipsborn for Plaintiff and Respondent.

## OPINION

**KLINE, P. J.**—Michael Edward Tillman appeals from a conviction of failing to register as a sex offender. He claims he received ineffective

assistance of counsel in that his attorney failed to defend against the charge on the ground appellant had not been constitutionally convicted of a prior registrable offense. This contention is further addressed in a related petition for writ of habeas corpus. On appeal, appellant additionally urges that the use of his prior rape conviction both as an element of the substantive registration offense and as a "strike" to enhance his sentence was improper.

## STATEMENT OF THE CASE

Appellant was charged by information filed on January 13, 1997, with one count of failing to register as a sex offender between September 1 and November 21, 1996. (Pen. Code, § 290, subd. (a)(1).)[1] It was alleged that appellant had previously been convicted of rape (§ 261, subd. (a)(2)) on May 23, 1984. It was further alleged that appellant was presumptively ineligible for probation under section 1203, subdivision (e)(4), and that his sentence was subject to enhancement under section 667.5, due to four prior felony convictions and prison terms: the 1984 rape conviction; an October 17, 1980, conviction for first degree burglary (§ 459); a September 13, 1989, conviction for being a felon in possession of a firearm (§ 12021); and a February 11, 1991, conviction for petty theft after serving a term for another theft (§ 666). Two of these priors were alleged as "strikes" under section 1170.12, subdivision (c)(2): the 1980 burglary and the 1984 rape.

On January 15, 1997, appellant pleaded not guilty and denied the priors. Appellant's motions to dismiss for improper venue and under section 995 were denied on April 10, 1997.

On April 21, 1997, appellant waived trial by jury and a court trial began. On motion of the prosecution, the court dismissed the first alleged "strike" prior, the burglary. On April 24, the court found appellant guilty of violating section 290, subdivision (a)(1), and found true all of the allegations regarding priors (except the one dismissed). On June 16, appellant's motion to strike the remaining "strike" prior was denied. On the same date, appellant was sentenced to a total prison term of six years and eight months, consisting of the lower term of sixteen months for the section 290 conviction, doubled under section 1170.12, subdivision (c)(1), plus one-year terms for each of the four priors under section 667.5.

Appellant filed a timely notice of appeal on June 27, 1997.

## STATEMENT OF FACTS

On May 23, 1984, appellant entered a plea of nolo contendere to the charge of rape in violation of section 261, subdivision (a)(2). The declaration

---

[1] All further statutory references will be to the Penal Code.

appellant signed at the time indicated he had been informed the maximum penalty that could be imposed as a result of his plea was "nine years and four years parole" and did not say anything about the requirement to register as a sex offender. At the hearing, after the court had accepted appellant's plea of no contest to the rape charge, the district attorney asked to have the record reflect that appellant was "subject to having to register as a sex offender based on this conviction," noting that the plea form did not contain this information but that defense counsel had discussed the issue with appellant. Defense counsel acknowledged that appellant understood this. The court asked appellant if he understood he would "have to register as a sex offender to the police department due to [his] conviction in this case if [he was] convicted." Appellant answered in the affirmative and indicated he still wished to plead no contest.

In the present case, appellant was found guilty of failing to register as a sex offender in violation of section 290 between September 1 and November 21, 1996. The facts underlying his failure to register are not relevant to the issues on appeal or on the petition for writ of habeas corpus.

DISCUSSION

I.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II.

■ Appellant additionally contends the trial court impermissibly used his prior rape conviction both as an element of the section 290 violation and as a "strike" which augmented his sentence under section 1170.12, subdivision (c)(1). He claims this dual use offended the rule of People v. Edwards (1976) 18 Cal.3d 796 [135 Cal.Rptr. 411, 557 P.2d 995] (Edwards) and In re Shull (1944) 23 Cal.2d 745 [146 P.2d 417] (Shull).

In Shull, the defendant was convicted of assault with a deadly weapon and sentenced to the prison term provided by statute for that offense. He was further sentenced to an additional term provided by statute for individuals who possessed certain weapons during the commission of the offenses of which they were convicted. Shull held this dual use of the weapon possession as an element of the substantive offense and as the basis of an enhancement of punishment was impermissible. Reasoning that the statute defining the term for assault with a deadly weapon was a specific one while the statute

---

*See footnote, ante, page 771.

establishing the enhancement applied generally to felonies, the *Shull* court employed the principle that a special statute controls over a general statute to conclude the Legislature had fixed the penalty for the offense of assault with a deadly weapon and did not intend additional punishment to be imposed in the absence of any additional factor. (23 Cal.2d at pp. 750-751.)

In *Edwards*, the court followed this rule in holding that a defendant convicted of being a felon in possession of a firearm could not be subjected to a greater minimum term of punishment than would normally be prescribed for the offense under a statute establishing increased minimum terms for defendants previously convicted of felonies. Such dual use of the prior convictions, *Edwards* explained, "runs afoul of the established rule that when a prior conviction constitutes an element of criminal conduct which otherwise would be noncriminal, the minimum sentence may not be increased because of the indispensable prior conviction." (18 Cal.3d at p. 800.)

In the present case, appellant argues that section 290, subdivision (g)(2), is a special statute, defining as a felony the offense of willfully failing to register where the registration requirement is based on a felony offense. Characterizing section 1170.12, subdivision (c)(1), as a statute of general application, appellant maintains *Edwards* and related case law preclude application of the "Three Strikes" law based on the same prior conviction underlying the section 290 violation.

Several cases have rejected the argument that a single prior conviction may not be used both to establish an element of the charged offense and to constitute a "strike." (*People* v. *Yarborough* (1998) 65 Cal.App.4th 1417, 1419-1421 [77 Cal.Rptr.2d 402]; *People* v. *Nobleton* (1995) 38 Cal.App.4th 76, 80-84 [44 Cal.Rptr.2d 611]; *People* v. *Sipe* (1995) 36 Cal.App.4th 468, 484-489 [42 Cal.Rptr.2d 266] (*Sipe*).) In *Sipe*, the defendant was convicted of felony escape (§ 4532, subd. (b)) after leaving the honor farm where he was serving time after a conviction for residential burglary. Among other arguments on appeal, he relied on *Edwards* to urge that the same prior conviction could not be used both to convict him of the substantive offense and to increase his sentence under the Three Strikes law. *Sipe* found *Edwards* inapplicable because section 667, subdivision (e)—the analogous provision in the initiative version of the Three Strikes law to section 1170.12, subdivision (c)—is not an enhancement but rather "an alternate sentencing scheme." (*Sipe, supra*, 36 Cal.App.4th at pp. 485, 488.) It further rejected application of the *Edwards* rule because it viewed *Edwards*, which predated the adoption of the determinate sentencing law, as having been invalidated by the adoption of determinate sentencing. (36 Cal.App.4th at p. 488.)

In *People* v. *Nobleton, supra*, 38 Cal.App.4th 76, the People challenged the trial court's refusal to use the prior conviction upon which the offense of

possession of a firearm by a felon was based to impose an enhancement under section 667.5, subdivision (b); the defendant argued the single prior could not be used both to prove the substantive offense and to bar probation under the Three Strikes law. Like *Sipe*, *Nobleton* found *Edwards* inapplicable because ". . . section 667, subdivisions (b) through (i) are not enhancements, but establish a separate sentencing scheme for recidivists" and because it viewed *Edwards* as having been superceded by statute. (38 Cal.App.4th at pp. 82-83.)

With regard to *Edwards*'s viability, *Sipe* and *Nobleton* relied upon *People v. Bruno* (1987) 191 Cal.App.3d 1102, 1106-1107 [237 Cal.Rptr. 31]. *Bruno* was the first of a number of Court of Appeal cases to conclude the *Edwards* rule did not survive the adoption of determinate sentencing. This conclusion was based on the fact that section 1170, as originally enacted, included a sentence subsequently dropped by amendment before the operative date of the statute. The sentence, which *Bruno* viewed as codifying *Edwards*, provided: " 'In no event shall any fact be used twice to determine, aggravate, or enhance a sentence.' " (*People v. Bruno, supra,* 191 Cal.App.3d at p. 1106; *People v. Price* (1992) 4 Cal.App.4th 1272, 1277-1278 [6 Cal.Rptr.2d 263]; *People v. Vega* (1990) 224 Cal.App.3d 506, 512 [273 Cal.Rptr. 684], disapproved on another ground in *People v. McClanahan* (1992) 3 Cal.4th 860, 872, fn. 6 [12 Cal.Rptr.2d 719, 838 P.2d 241]; *People v. Levell* (1988) 201 Cal.App.3d 749, 752-753 [247 Cal.Rptr. 489].) These cases thus took the view that the Legislature had "eliminated the *Edwards* rule by first codifying it and then deleting the codification." (*People v. Darwin* (1993) 12 Cal.App.4th 1101, 1103 [15 Cal.Rptr.2d 894].)

*People v. Darwin, supra,* 12 Cal.App.4th at pages 1103-1104, disagreed with the reasoning of these cases. "The original version of Penal Code section 1170 did *not* codify the *Edwards* rule. The holding in *Edwards* was that if a prior conviction is an 'element' of an offense, the prior may not be used for sentence enhancement. (*Edwards, supra,* 18 Cal.3d at p. 800.) The later-deleted sentence in the original version of section 1170 did not address the dual use of a prior as an element of an offense and for sentence enhancement, but merely addressed sentencing, stating that a fact could not be used twice to 'determine, aggravate, or enhance a sentence.' These two points are not the same. Thus, the legislative action did not abrogate the *Edwards* rule."[6] (Italics in original.)

The California Supreme Court addressed the disagreement about the viability of *Edwards* without resolving it in *People v. Baird* (1995) 12

[6]*Darwin* went on to agree with the ultimate conclusion of the *Bruno* line of cases—that a single prior could be used to establish the offense of petty theft with a prior and to enhance sentence under section 667.5, subdivision (b), or 667, subdivision (a)—for a different reason. *Darwin* explained that because in the context of a section 666 charge "the prior 'is a

Cal.4th 126, 131 [48 Cal.Rptr.2d 65, 906 P.2d 1220]. The question in *Baird* was whether the prison term resulting from a prior felony conviction used to establish the felon element of a charge under section 12021 could be used to enhance the defendant's sentence under section 667.5, subdivision (b). After noting the disagreement between the courts of appeal regarding *Edwards*, the Supreme Court concluded *Edwards* was inapplicable because, in the *Baird* situation, a single *conviction* was not being used both to establish an element of the offense and to enhance the sentence. Rather, the *conviction* was used to establish the element of the offense while the *prison term* was the basis of the enhancement. The multiple use of the prior was not precluded by *People v. Jones* (1993) 5 Cal.4th 1142 [22 Cal.Rptr.2d 753, 857 P.2d 1163], which precluded imposition of cumulative sentence enhancements under section 667 and section 667.5, subdivision (b): Since it was not the case that "all or nearly all felony convictions used to establish the ex-felon element of a section 12021 violation [would] have resulted in the service of a prior prison term," allowing both uses of the prior would not mean the penalties prescribed for section 12021 violations would become a year longer by application of section 667.5, subdivision (b), " 'in all but a very few cases.' " (12 Cal.4th at p. 134, quoting *People v. Jones, supra,* 5 Cal.4th 1142, 1150.)[7]

While *Baird* did not expressly resolve the question of the continued viability of *Edwards*, it is interesting to note that it found *Edwards* inapplicable without finding the *Edwards* rule had been abrogated. In any event, in the absence of any clear indication the Supreme Court would find the *Edwards* rule no longer viable, we are free to agree with the reasoning of Division Five of this court in *Darwin*, which we find more persuasive than that of the cases that have found *Edwards* to have been legislatively overruled.

---

sentencing factor for the trial court and not an "element" of the section 666 "offense[,]" . . .' the *Edwards* rule against dual use of a prior as an element of an offense and for sentence enhancement does not apply." (12 Cal.App.4th at p. 1104, quoting *People v. Bouzas* (1991) 53 Cal.3d 467, 480 [279 Cal.Rptr. 847, 807 P.2d 1076].)

[7]By contrast, it is not the case that almost every violation of section 290 would constitute a strike under the Three Strikes law: The obligation to register under section 290 arises from convictions of many offenses that would not necessarily qualify as prior convictions under section 1170.12. For example, while the offenses of sodomy (§ 286) and oral copulation (§ 288a) are always registrable offenses under section 290, they would qualify as prior convictions under section 1170.12 only if committed "by force, violence, duress, menace, threat of great bodily injury, or fear of immediate and unlawful bodily injury on the victim or another person." (§ 1192.7, subd. (c)(4), (c)(5).) Many other offenses listed under section 290 (e.g., §§ 266, 266c, 266h, 266i, 266j, 267, 285, 288.2, 311.2, 311.3, 311.4, 311.10, 311.11, 314, 647.6) would not qualify as "strikes" or would so qualify only if the defendant personally inflicted great bodily injury or used a firearm. (§ 1192.7, subd. (c)(8).) Thus, the requisite element of the offense could be proven by a conviction of any of the offenses listed in section 290, while it is only if the prior offense was for a serious or violent felony (§§ 667.5, 1192.7, subd. (c)) that the Three Strikes law will be implicated.

The third case to find that a single prior conviction may be used both to establish an element of the charged offense and to constitute a "strike" is precisely on point with the present case. (*People* v. *Yarborough, supra*, 65 Cal.App.4th at pp. 1419-1421.) In *Yarborough*, the defendant's prior conviction for child molestation was used both as an element of the charged offense of failing to register as a sex offender under section 290 and as a "strike" which served to double the defendant's sentence for the registration offense. *Yarborough* distinguished *Edwards* on a narrow reading of *Edwards's* holding. *Yarborough* described *Edwards* as having "announced the limited rule that when the underlying prior conviction constitutes an element '*of criminal conduct which otherwise would be noncriminal*,' the sentence may not be enhanced because of the underlying conviction. (*Edwards, supra*, 18 Cal.3d at p. 800.)" (65 Cal.App.4th at p. 1420, italics in *Yarborough*.) In *Edwards*, the possession of a firearm would not have constituted criminal conduct had it not been for the defendant's prior conviction of sale of marijuana. By contrast, *Yarborough* stated that in the section 290 situation, "the underlying felony offense is for an *omission* of required conduct by a convicted sex offender. It does not involve an *act* at all, let alone an act that is otherwise legal. Yarborough's failure to register as a sex offender in violation of section 290, former subdivision (g)(3) is inherently criminal, unlike the mere possession of a firearm." (*Yarborough, supra*, at p. 1420.)

We cannot agree with *Yarborough's* reasoning. *Yarborough* is confusing in that it refers to the "underlying" offense in *Edwards* as the prior conviction for sale of marijuana but refers to the "underlying" offense in *Yarborough* as the "omission of required conduct by a convicted sex offender." The "omission of required conduct" related not to the underlying offense—there, child molestation—but to the current offense of failing to register. Nevertheless, *Yarborough's* point appears to be that the conduct (omission) made criminal by section 290—the failure to register—is inherently a criminal act. The obligation to register, however, arises only upon conviction of an offense listed in section 290. Without the prior conviction of a registrable offense, the act (or omission) of failing to register cannot be viewed as criminal because there is no obligation to register. Just as a prior conviction for a felony offense makes otherwise lawful possession of a firearm unlawful, a prior conviction for a registrable offense makes lawful failure to register unlawful. To say the failure to register is inherently criminal is to presuppose the prior conviction.

Moreover, while *Edwards* stated its holding in the limited form quoted by *Yarborough*, the case law upon which it was based does not limit application of the rule to circumstances in which the conduct constituting the current offense would be *noncriminal* but for the prior conviction. In *Shull, supra*, 23

Cal.2d 745, for example, the current offense was assault with a deadly weapon; *Shull* rejected application of a statute that would have added a term of punishment because of the defendant's possession of a weapon. The conduct underlying the current offense—assault—would have been criminal regardless of the defendant's weapon use but was made more serious because of that use. In *People* v. *Floyd* (1969) 71 Cal.2d 879 [80 Cal.Rptr. 22, 457 P.2d 862], the convictions were for attempted robbery in the first degree and robbery in the first degree, with the degree determined by the fact the defendant was armed with a deadly weapon during commission of the crimes; *Floyd* rejected application of statutes increasing the minimum term or adding an additional term for defendants armed with weapons. The conduct underlying the current conviction—robbery—would have been criminal even without the fact of arming, which served to increase the seriousness of the offense. *People* v. *Ford* (1964) 60 Cal.2d 772 [36 Cal.Rptr. 620, 388 P.2d 892], overruled on other grounds in *People* v. *Satchell* (1971) 6 Cal.3d 28, 36-40 [98 Cal.Rptr. 33, 489 P.2d 1361, 50 A.L.R.3d 383], involved convictions for possession of a concealable weapon by a felon and assault with a deadly weapon, and refused to allow application of a statute increasing the minimum term for defendants armed with a deadly weapon at the time of the offense. As with *Shull*, the conduct underlying the assault conviction would have been criminal regardless of the weapon possession. The general point to be gleaned from these cases, taken together, is simply that a single fact may not be used both to constitute an element of the offense (whether or not the underlying conduct would have been criminal without that fact) and to increase the punishment for the offense.

*Yarborough* also indicated in a footnote that ". . . the vitality of the *Edwards* rule in the context of the three strikes law is in doubt" due to "authority that the three strikes law is not an enhancement law but a separate sentencing scheme for recidivists." (65 Cal.App.4th at p. 1420, fn. 4.) That the Three Strikes law does not provide for enhancements was also an alternate ground for the holdings of *Sipe* and *Nobleton*. " 'The legislative determination, that under these circumstances the base term is doubled, does not constitute an enhancement. Instead, it is the articulation of a parallel sentencing scheme for specifically described recidivists. An enhancement is "an additional term of imprisonment added to the base term." (Rule 405(c).) A base term is ". . . the determinate prison term prescribed by law. . . ." (Rule 405(b).)' " (*People* v. *Nobleton, supra,* 38 Cal.App.4th at p. 81, quoting *People* v. *Anderson* (1995) 35 Cal.App.4th 587, 595 [41 Cal.Rptr.2d 474].) "[A]n enhancement is . . . characterized by a 'focus on an element of the commission of the crime or the criminal history of the defendant which is not present for all such crimes and perpetrators and which justifies a

higher penalty than that prescribed for the offenses themselves.' . . . It is distinguished from the term prescribed for the underlying crime itself. . . . [¶] Section 667, subdivision (e)(1),[8] does not provide for any kind of 'added term.' Instead, it defines the term for the crime itself, supplanting the term that would apply but for the prior serious or violent felony." (*People* v. *Martin* (1995) 32 Cal.App.4th 656, 667 [38 Cal.Rptr.2d 776], disapproved on other grounds in *People* v. *DeLoza* (1998) 18 Cal.4th 585, 600, fn. 10 [76 Cal.Rptr.2d 255, 957 P.2d 945], quoting *People* v. *Hernandez* (1988) 46 Cal.3d 194, 207-208 [249 Cal.Rptr. 850, 757 P.2d 1013].)

According to these authorities, the rule of *Edwards* is not violated by using the same prior conviction to establish an element of the offense and to sentence to a double term under the Three Strikes law. Since the Three Strikes law establishes a parallel sentencing scheme for repeat offenders, the prior conviction is viewed as not being used to enhance the sentence that would otherwise be applicable but to trigger the application of a sentencing scheme imposing a different penalty for the current offense.

This analysis glosses over the essential point of *Edwards*, *supra*, 18 Cal.3d 796, and the cases upon which it was based: that a single fact may not be used both as an element of the current offense and as the basis for imposition of more severe punishment than would otherwise be prescribed for the offense. *Edwards* itself was not dealing with a sentence enhancement as that term is defined in the cases discussed above—it was a predeterminate sentencing case. In *Edwards*, section 12021, the statute defining the offense of possession of a weapon by a felon, prescribed a minimum term sentence; former section 3024, subdivision (c), which *Edwards* held could not be applied, provided for a greater minimum term sentence. Of the cases cited in *Edwards*, *Ford* also rejected application of a statute prescribing a greater minimum term than that otherwise provided for the offense; *Floyd* and *Shull* rejected application of statutes that would have added additional terms. While the latter would be viewed as enhancements under the definitions above, the statutes providing for greater minimum terms would not. *Sipe*, for example, concluded section 667, subdivision (e), was "an alternate sentencing scheme, not an enhancement" because it "does not add a term to defendant's sentence" but rather "provides an alternate method to calculate either the determinate term or minimum term for an indeterminate sentence." (*Sipe*, *supra*, 36 Cal.App.4th at p. 486.)

To state that the rule of *Edwards* does not apply to dual use of a prior conviction to prove an element of the offense and to constitute a "strike"

---

[8]Section 1170.12, subdivision (c)(1), is the analogous provision in the initiative version of the Three Strikes law.

because section 667, subdivision (e), or section 1170.12, subdivision (c), is not an enhancement takes *Edwards* completely out of the context of its facts and the law under which it was decided. As a case decided under indeterminate sentencing, *Edwards* was not concerned with "enhancement" as that term is now understood but simply with *increasing* punishment on the basis of the same fact used to convict a defendant. Application of former section 3024 in *Edwards* would have subjected the defendant to a greater minimum term sentence because of his prior conviction, just as is the case with application of the Three Strikes law. Technically, there may be a difference between adding a specified term to the otherwise prescribed punishment for an offense because of the defendant's prior conviction, as with an "enhancement," and choosing to apply an alternative and harsher sentencing scheme because of that prior. Semantics aside, however, use of a single prior conviction as an element of a substantive offense and as a strike obviously increases the defendant's sentence on the basis of that prior conviction.

Thus far, our Supreme Court has not held that a single fact may be the basis both of an element of the charged offense and of a sentence enhancement. As discussed above, *People* v. *Baird, supra,* 12 Cal.4th 16, specifically avoided deciding the continued validity of *Edwards* by concluding the statute in question there, section 667.5, subdivision (b), required enhancement of a defendant's sentence because of a prior *prison* term, a separate fact from the prior *conviction* used as an element of the offense. This factual distinction cannot be made in the present case: Appellant could not have been convicted of the offense of failing to register without proof of his prior rape conviction, and he could not have been sentenced under the Three Strikes law without proof of the same conviction.

Nevertheless, despite our disagreement with case law finding *Edwards* either no longer viable or inapplicable to the Three Strikes situation, it must be remembered that the rule applied in *Edwards* is one intended to effectuate legislative intent. *Edwards,* and the other cases it cited, derive from *Shull.* *Shull,* as discussed above, applied the principle that a specific statute controls over a general one, to conclude the Legislature did not intend the fact of deadly weapon use to increase the punishment specifically stated for the offense of assault with a deadly weapon as it would for an offense in which use of a deadly weapon was not an essential element. (*Shull, supra,* 23 Cal.2d at p. 750.)

The intent behind the enactment of the Three Strikes law was clearly stated by the electorate. According to the statement of intent contained in the initiative measure by which section 1170.12 was adopted, " 'It is the intent of the People of the State of California in enacting this measure to ensure longer prison sentences and greater punishment for those who commit a

felony and have been previously convicted of serious and/or violent felony offenses.'" (Prop. 184, Gen. Elec. (Nov. 8, 1994) Preamble, reprinted at Historical and Statutory Notes, 50B West's Ann. Pen. Code (1999 pocket supp.) foll. § 1170.2, p. 145.)[9] Section 1170.12, subdivision (d)(1), provides: "Notwithstanding any other provision of law, this section shall be applied in every case in which a defendant has a prior felony conviction as defined in this section." Construing the similar language of section 667, subdivision (f)(1), *Sipe, supra,* 36 Cal.App.4th 468, concluded that "[t]his absolute language permits only the interpretation that the Legislature intended more severe punishment for recidivist felons, regardless of whether a prior conviction is a component of their current felony." (*Id.* at p. 489.)[10] Additionally, section 1170.12, subdivision (c), states that its provisions for calculating sentences shall apply "in addition to any other enhancements or punishment provisions which may apply." These provisions demonstrate a broad intent to have the Three Strikes law apply to all recidivists coming within its terms. This intent would be frustrated by allowing the *Edwards* rule to limit the prior convictions that could be used to trigger application of the Three Strikes law.

Appellant levels a number of arguments against this conclusion. First, appellant argues that *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628] (*Romero*) rejected the broadest construction of the "notwithstanding" language in section 667, subdivision (f)(1), by refusing to read this language as overriding section 1385. (13 Cal.4th at pp. 523-524.) As *Romero* explained, however, because section 1385 is specifically included in section 1170.12, subdivision (d)(2), the Three Strikes law cannot be applied "[n]otwithstanding any other law" without reference to section 1385. (13 Cal.4th at pp. 519-520.)

Appellant notes that *Romero* declined to interpret the Three Strikes law as eliminating courts' power under section 1385 "'absent a clear legislative direction to the contrary'" because "the statutory power to dismiss in furtherance of justice has always coexisted with statutes defining punishment and must be reconciled with the latter." (*Romero, supra,* 13 Cal.4th at p. 518.) Since the *Edwards/Shull* rule has also been around for a long time, appellant urges we should not interpret the Three Strikes law to have eliminated the rule without a clear expression of such intent. To say that the Three Strikes law applies "[n]otwithstanding any other provision of law,"

[9]Similarly, section 667, subdivision (b), provides: "It is the intent of the Legislature in enacting subdivisions (b) to (i), inclusive, to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses."

[10]Section 667, subdivision (f)(1), provides: "Notwithstanding any other law, subdivisions (b) to (i), inclusive, shall be applied in every case in which a defendant has a prior felony conviction as defined in subdivision (d)."

however, is just such a clear expression. Just recently, the Supreme Court decided that a conviction for which sentence was stayed under section 654 may nevertheless be used as a "strike." (*People* v. *Benson* (1998) 18 Cal.4th 24, 26 [74 Cal.Rptr.2d 294, 954 P.2d 557].) Section 654, of course, has been around as long as section 1385. In reaching its conclusion, *Benson* discussed the language of section 1170.12, subdivision (b), that a "strike" must be defined as provided in the Three Strikes law " '[n]otwithstanding any other provision of law.' " (18 Cal.4th at p. 31, italics omitted.) We recognize that the case in *Benson* was even more clear, as section 1170.12, subdivision (b)(1)(B), expressly states that a "stay of execution of sentence" shall not "affect the determination that a prior conviction is a prior felony for purposes of this section." We nevertheless find the language of section 1170.12, subdivision (d)(1), sufficiently clear to indicate an intent to override contrary principles such as the *Edwards* rule. In *Romero*, which declined a broad interpretation of the "notwithstanding" language, the Supreme Court noted that the need for clear direction before interpreting the Three Strikes law as overriding section 1385 was "increased in this instance by the grave constitutional questions that would follow from the recognition of a prosecutorial veto power." (13 Cal.4th at pp. 518-519.) The issue in the present case does not rise to this level.

Appellant also urges that the "notwithstanding" language refers only to the subdivision immediately following it, which deals with the prosecutor's obligation to plead and prove priors, and power to move to dismiss them. Section 1170.12, subdivision (d)(1), however, states: "Notwithstanding any other provision of law, this *section* shall be applied . . . ." (Italics added.) Other language in section 1170.12 uses the terms "subdivision" and "paragraph" to refer to specific parts of the statute. Accordingly, the use of the term "section" must be viewed as referring to the entire section 1170.12. Appellant cites Justice Chin's dissent in *People* v. *Benson*, *supra*, 18 Cal.4th at pages 42-43, in which he states that the "notwithstanding" language of section 1170.12, subdivision (b), "merely refers to the definition of a qualifying conviction" set forth in that subdivision. Appellant takes from this that the similar language in section 1170.12, subdivision (d)(1), refers only to that subdivision. Justice Chin's point in *Benson*, however, was not that the "notwithstanding" language was necessarily limited by the *subdivision* in which it appeared but that it was limited by the substance of the sentence: "Notwithstanding any other provision of law and for the purposes of this section, a prior conviction of a felony shall be defined as . . . ." The language of section 1170.12, subdivision (d)(1), is of much broader application: "Notwithstanding any other provision of law, this section shall be applied in every case in which a defendant has a prior felony conviction as defined in this section."

Appellant quotes *Romero*'s statement that "[a] simpler reading of the language in question ('[n]otwithstanding any other law') that more likely describes its probable intent is this: The Three Strikes law, when applicable, takes the place of whatever law would otherwise determine defendant's sentence for the current offense. The language thus eliminates conflicts between alternative sentencing schemes." (*Romero, supra*, 13 Cal.4th at p. 524.) This statement was made in reaction to the Attorney General's argument in that case that "notwithstanding" language in section 667 similar to that in section 1170.12, subdivision (d)(1), meant Three Strikes sentences must be imposed without a court's being able to exercise its power under section 1385. The rejection of this construction of the "notwithstanding" language in the context of section 1385 does not necessarily dictate the result in the present case, as suggested by the result in *Benson* discussed above. Appellant characterizes *Edwards* as a rule about deciding which law is applicable, the general or the specific. Given the express intent behind the Three Strikes law, however, the Legislature and electorate cannot be viewed as having intended its application to be limited whenever a specific statute defined a term for a particular offense.

Appellant argues a broad reading of the "notwithstanding" language would lead to absurd and unconstitutional results: For example, the language of section 1170.12 would mean this statute applied and not section 667, while the "notwithstanding" language of section 667, subdivision (f)(1), would mean section 667 applied and not section 1170.12. Given the lack of substantive difference between the provisions of section 667, subdivisions (b) through (i), and section 1170.12, this argument is not difficult to dismiss.

On rehearing, appellant additionally argues that the phrase "notwithstanding any other law" applies only to other *statutory* provisions and not to the *Edwards/Shull* rule, which appellant views as a "principle of statutory construction which governs the relationship between laws." We do not view this characterization as accurate. The rule of *Edwards* and *Shull*, that a prior offense used to establish an element of an offense may not also be used to increase punishment for a conviction of the latter offense, is an *application* of the general rule that specific statutes control over general ones. It is the general rule that states a principle of statutory construction; *Edwards* and *Shull* rely upon that principle to state a rule applied in criminal sentencing.

The phrase "notwithstanding any other provision of law" has expressly been interpreted in other contexts as referring to both statutory and decisional law. (*In re Marriage of Dover* (1971) 15 Cal.App.3d 675, 678, fn. 3 [93 Cal.Rptr. 384] [phrase "notwithstanding any other provision of law" in former Civil Code section 4001, authorizing Judicial Council to provide by

rule for practice and procedure, made rules so promulgated " 'sui generis' and controlling over both statutory and decisional law"]; *People* v. *DeLaCruz* (1993) 20 Cal.App.4th 955, 963 [25 Cal.Rptr.2d 202] [language "notwithstanding other provisions of law" in section 12403.7 is "term of art" which "has been read as an express legislative intent to have the specific statute control despite the existence of other law which might otherwise govern," citing *Dover*]; *People* v. *Franklin* (1997) 57 Cal.App.4th 68, 73-74 [66 Cal.Rptr.2d 742] ["notwithstanding any other law" language in section 667, subdivisions (c), (d) and (f)(1), is "term of art" expressing "legislative intent 'to have the specific statute control despite the existence of other law which might otherwise govern,' " quoting *DeLaCruz*]; *State of California* v. *Superior Court* (1967) 252 Cal.App.2d 637, 639 and fn. 2 [60 Cal.Rptr. 653] [Gov. Code, § 955.2].)

The cases upon which appellant relies to restrict application of the "notwithstanding" language of section 1170.1, subdivision (d)(1), to other statutes, as opposed to decisional law, are not controlling. *People* v. *Alvarez* (1996) 14 Cal.4th 155, 246-247 [58 Cal.Rptr.2d 385, 926 P.2d 365] rejected an argument that the Three Strikes laws established exclusive sentencing schemes superceding the death penalty law, holding the Three Strikes laws are not exclusive, as each states it applies " '*in addition to* any other . . . punishment provisions which may apply' (Pen. Code, §§ 667, subd. (e), 1170.12, subd. (c), italics [in *Alvarez*])." (*Alvarez*, at p. 247.) The Court did not mention the "notwithstanding" language in sections 667, subdivision (f)(1) or 1170.12, subdivision (d)(1). It is obvious, however, that an interpretation of that language as precluding application of the death penalty law to a defendant who was a recidivist within the meaning of the Three Strikes laws would be completely contrary to the express legislative intent behind the Three Strikes laws, to ensure greater punishment of recidivists.

*People* v. *Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968 [60 Cal.Rptr.2d 93, 928 P.2d 1171] held that the Three Strikes law did not abrogate trial courts' discretion to declare a "wobbler" offense a misdemeanor. Appellant maintains that application of the "notwithstanding" language of section 1170.12, subdivision (d)(1), would preclude such exercise of discretion. Contrary to appellant's assumption, however, when a trial court exercises its discretion to declare a wobbler to be a misdemeanor, the Three Strikes law, including the "notwithstanding" language, is simply not applicable. The Three Strikes law is triggered only if the defendant is convicted of a felony offense. (14 Cal.4th at p. 975.) As *Alvarez* explained, when a trial court declares a wobbler to be a misdemeanor, there simply is no felony conviction to trigger application of the Three Strikes law. (*Id.* at pp. 975-976.)

In *California Housing Finance Agency* v. *E.R. Fairway Associates I* (1995) 37 Cal.App.4th 1508, 1515-1516 [44 Cal.Rptr.2d 591], the court explained:

"The introductory phrase of [Health and Safety Code] section 51205(f), '[n]otwithstanding any other provision of law,' qualifies the operative language of the section entitling the prevailing party to recover 'costs and reasonable attorney's fees.' Thus 'any other provision of law' relating to costs, *to the extent contrary to or inconsistent with [Health and Safety Code] section 51205 (f)*, is subordinated to the latter provision." (Italics added.) Focussing on the italicized language, appellant urges that the "notwithstanding" language in section 1170.12, subdivision (d)(1), does not preclude application of the *Edwards/Shull* rule because the rule is not inconsistent with the ensuing provisions of section 1170.12, subdivision (d)(1), which concern dismissal of prior convictions and use of prior convictions in plea bargaining. As indicated above, however, the "notwithstanding" language of section 1170.12, subdivision (d)(1), does not apply only to that subdivision but to all of section 1170.12. The *Edwards/Shull* rule prohibiting dual use of prior convictions *is* inconsistent with the Three Strikes law as a whole, the express intent of which is to "ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses." (Prop. 184, *supra*, Preamble, reprinted at 50B West's Ann. Pen. Code (1999 pocket supp.) foll. § 1170.2, p. 145.)

The judgment is affirmed. The petition for writ of habeas corpus is denied.

Lambden, J., and Ruvolo, J., concurred.

A petition for a rehearing was denied August 19, 1999, and appellant's petition for review by the Supreme Court was denied November 10, 1999. Kennard, J., and Brown, J., were of the opinion that the petition should be granted.